## HAMBY *v.* REID.

### (*Knoxville.* November 2, 1898.)

1. STATUTE OF LIMITATIONS. *Six years.*

   Although the statute of limitations of six years does not, in express terms, embrace sureties of a trustee or assignee, they are within its general terms and scope, and protected by it. (*Post, pp. 439, 440.*)

   Code construed: § 4472 (S.); § 3472 (M. & V.); § 2775 (T. & S.).

2. SAME. *Begins to run, when.*

   A beneficiary's cause of action for an account accrues against a trustee or assignee and his sureties when a sufficient time has elapsed for him, proceeding with due diligence, to have executed the trust according to its terms, and to have converted the assets into money and paid over and accounted for same, and from that date the statute of limitations begins to run in favor of the trustee and his sureties. (*Post, pp. 440, 441.*)

3. SAME. *Same. Case in judgment.*

   The beneficiary's action against the sureties of a trustee is barred by the lapse of ten years from the date of the execution of a trust deed, where only the sale of a small stock of goods and the collection of a small amount of accounts was involved, and not much time required in the execution of the trust. (*Post, pp. 440, 441.*)

---

### FROM CAMPBELL.

---

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

Hamby v. Reid.

J. E. JOHNSTON for Hamby.

JOUROLMON, WELCKER & HUDSON for Reid.

WILKES, J. This cause came to us by appeal of complainants from the decree of the Court of Chancery Appeals, affirming the decree of the Chancellor, and the main question presented is in regard to the right of the sureties of a trustee in a deed of trust to rely upon a statute of limitations in bar of a right to recover from them for their principal's default. Complainants insist that there is no limitation in such case, but that it is a case of express trust, not enforcible or cognizable in a court of law, and as to which there is no limitation by statute. The sureties insist that they are released by a statute of six years (Shannon, § 4472), which protects the sureties of guardians, executors, administrators, Sheriffs, Clerks, and other public officers for nonfeasance, misfeasance, and malfeasance in office, and applies to actions on contracts not otherwise expressly provided for. The argument is not that trustees, or the sureties of trustees, are expressly named in the Act, but that it contemplates the sureties of all officers, whether public or private, and though they may be classed as trustees executing express trusts, and that this idea is reinforced by the provision for "actions on all contracts not otherwise expressly provided for within six years after the cause of action accrued."

The Chancellor and Court of Chancery Appeals took this view of the matter, and held that the

sureties of trustees and assignees under mortgages and deeds of trust were contemplated and embraced by the statute, and in this view we concur. While sureties of trustees are not expressly named in the statute, we think that they are embraced within its general provision, "for actions on all contracts not otherwise expressly provided for." It is said trustees ought not to be held to be included, inasmuch as they execute an express trust. But this is so also as to guardians, administrators, and other express trustees, and the construction in this case makes a harmonious holding in all such cases.

A practical difficulty arises in applying the law. Granting that the statute protects the sureties of a trustee, it does so only after the expiration of six years after the cause of action accrued. The question is, when does the cause of action accrue? The Court of Chancery Appeals hold that it was the duty of an assignee or trustee to proceed with all reasonable diligence to execute his trust according to its terms, convert the assets into money, and pay over and account for the same, and that the right of the beneficiary is to proceed against him after such reasonable time has elapsed.

In this case the trust was made in 1885, and the bond was then given, but the trust was only partially executed. Some of the assets were not collected, and some of the collections not paid out, and no report or settlement was made. The bill was filed in July, 1895, or after a lapse of ten

Hamby *v.* Reid.

years, and, inasmuch as the trust was only to sell a small stock of goods and collect a small amount of accounts, that no great time was required, and that, under these facts, the statute had run. We are content with this view and holding of that Court, and affirm their decree in this feature of the case.

Another error is assigned, as to the confirmation of a report filed in the Court below by the Clerk and Master, but we think that the Court of Chancery Appeals has disposed of this properly, and so as to reach the equities of the case.

The decree of the Court of Chancery Appeals is affirmed.