RANDOLPH *v.* THOMAS.

(*Jackson.*   May  18,  1901.)

1. MORTGAGES AND DEEDS OF TRUST.  *Sale under void, when.*

A sale of land, made by the trustee pursuant to a deed of trust, is void where both the secured debt and the deed of trust are barred by the statutes of limitation, and such sale will be vacated and set aside at the suit of the maker of the deed, his heirs or devisees.

Act construed: Acts 1885, Ch. 9.

Cases cited: McElwee *v.* McElwee, 97 Tenn., 649; Runnels *v.* Jacobs, 100 Tenn., 397; Hawley *v.* Reid, 101 Tenn., 438.

2. SAME.  *Not revived by new promise, when.*

A provision in a note that it shall stand as secured by the same mortgage that the maker had given to the payee to secure, another note does not constitute such new promise as will revive or keep alive the motgage or the debt therein secured.

FROM   SHELBY.

Appeal  from  Chancery  Court  of  Shelby  County. F.  H.  HEISKELL,  Ch.

RANDOLPH  &  RANDOLPH  for  Randolph.

F.  ZIMMERMAN,  W.  W.  GOODWIN,  and  J.  M. STEEN  for  Thomas.

WILKES, J. In 1885, Watkins executed a trust deed upon his real estate, to secure a note for $300. This note was dated December 21, 1885, and was due one year after date. The trust deed, in the usual form, was registered December 21, 1885. On August 8, 1891, he executed a certain note to Reichman for $175, payable twelve months after date. This note had a provision as follows: "This note shall be held good on or by the same mortgage that was given for the security of a note for $300, dated December 21, 1885."

Watkins died December 31, 1896, indebted to a number of persons. He left a will, made July 19, 1890, which, in substance, provided that his executrix, Mrs. Ann Thomas, should take possession of his real property, collect the rents, and pay the expenses until his lawful heirs appeared. This will was probated. The executrix qualified January 2, 1897, and took possession of the real estate. On May 22, 1897, she suggested the insolvency of the estate. About June 1, thereafter, Reichman sold the real estate conveyed to him in trust, for the purpose of satisfying the $300 note, and Mrs. Haynes, daughter of Mrs. Thomas, bought it for $1,180. The trustee made her a deed. On the same day as the sale Reichman transferred to Mrs. Thomas the note for $175. After satisfying the $300 note and interest, in all $368.20, out of the proceeds of sale there remained $811.80, which the executrix

reported as having received, but that it was not sufficient to pay the debts of the estate.

Randolph & Sons, creditors in the sum of $250, filed, on February 5, 1898, a general creditor's bill, to administer on the estate as insolvent, attacked the sale made by Reichman, claimed that the debt was barred by the statute of limitations, and the trust deed also, and sought to subject the real estate to sale for the payment of debts and to distribute the proceeds.

The note secured by the trust deed matured December 21, 1886; the deed of trust was made and registered December 21, 1885. The sale made by the trustee was on June 9, 1897. Mrs. Thomas bought in the claim of Randolph & Sons, took an assignment of it, and holds it as a claim against the Watkins estate. Mrs. Thomas, answering the bill of Randolph & Sons, admitted that the sale by Reichman was void, and she asked that it be set aside and the property be sold to pay the debts of the estate.

Mrs. Haynes and her husband filed a similar answer and cross bill, asking that the sale be set aside and all parties be restored to their original status, and that the property be sold to pay debts.

On February 21, 1899, the heirs of Andrew Watkins appeared and filed an answer and set up heirship to the land. On August 27, 1900, Mrs. Reichman filed a cross bill, alleging her husband's death and that she was his executrix. She insisted

that the sale was valid, and passed title to the property, and should not be set aside; that after Mrs. Haynes bought the property she executed a deed of trust on it for $500, which grew out of the purchase of it, and was a part of the consideration, and she sought to validate this trust deed, but in the alternative that if the sale was set aside she should be allowed the two notes of $300 and $175, and that they be paid out of the funds of the estate.

The heirs of Watkins insisted that the two notes for $300 and $175 were barred by the statute of six years, and the statute of two years and six months, as against the estate of Watkins, and they filed their bill of *Watkins* v. *Thomas*, to set up claim to the lands and seeking to recover the same. Of course, this bill would be subject to the results in the case of *Randolph* v. *Thomas*, to apply the real estate to payment of debts. The causes were heard together.

The Chancellor held that the sale by Reichman, trustee to Hayes, was void, and set it aside, as well as the trust deed made by Mrs. Haynes and her husband to secure the $500 note. He further held that the $300 note was barred, and so, likewise, was the trust deed to secure it; but that the language used in the $175 note created an equitable lien on the real estate, and it was a valid claim against the estate, not barred by the statute of limitations, and entitled to priority on half the estate. He held

that the parties claiming to be heirs of Andrew Watkins were such heirs and entitled to the real estate, subject to the debts of the estate.

A reference was had to report, as is usual in insolvent proceedings.

Fredericka Reichman, alone, appealed, and limited her appeal to so much of the decree as adjudged the sale to Mrs. Haynes to be void and from that portion holding the note of $300 barred.

These appear, therefore, to be the only questions involved in this Court on the appeal.

The first three assignments of error go to the point that the sale by Reichman, trustee, to Mrs. Haynes was not void, and should have been sus-tained.

We think the note and deed of trust were both barred by the statute of limitations when this sale was made. The deed of trust was made December 21, 1885. The note secured by it was due December 21, 1886. The sale under the trust deed was made June 9, 1897, or more than ten years after the deed of trust and note matured, and both were barred by statute. Acts of 1885, Ch. 9, Sec. 1; Shannon, § 4464; *McElwee* v. *McElwee*, 97 Tenn., 649; *Runnells* v. *Jacobs*, 100 Tenn., 397; *Hawley* v. *Reid*, 101 Tenn., 438.

It is insisted that the trust deed was renewed and extended by the provisions of the $175 note. We are of opinion the note is not in substance or law a renewal of the original deed of trust nor the

Randolph *v.* Thomas.

creation of a new one, but it is simply a note which is secured by the original trust deed to the extent only of its terms and provisions. The sale was not made to satisfy this note for $175, but only for the $300 note. The note was never registered. The $300 note, we think, is barred by the statutes of six years and two years and six months, unless it has been kept alive by new promises as to the six-years statute, and by a request for delay as to the statute of two years and six months.

We do not, as before intimated, think that the execution of the $175 note in any way affected the $300 note, and it did not purport, nor was it intended to extend the $300 note, but merely to give the $175 note the same security as the $300 note had. The oral evidence, as we think, fails to show a new promise. There is really no replication to the plea of the statute of limitations, nor any other pleading setting up any new promise.

It is said the heirs of Andrew Watkins have not established their relationship and status as heirs. This question is not embraced by the limited appeal prayed and granted. But the evidence is sufficient, if it were.

Upon the whole case, we find no error in the record, and the decree of the Court below is affirmed with costs, and the cause remanded for further proceedings.