## RUNNELLS v. JACOBS.

(*Nashville.* March 12, 1898.)

STATUTE OF LIMITATIONS. *Of ten years bars enforcement of trust deed between original parties.*

A trust deed cannot be enforced, since Acts 1885, Ch. 9, even as against the grantor, more than ten years after the maturity of the original note secured thereby, notwithstanding the note may have been kept alive by renewals or promises, and the indulgence and delay in enforcement of the trust deed granted at the request of the grantor.

Act construed: Acts 1885, Ch. 9.

Case cited: McElwee v. McElwee, 97 Tenn., 649.

---

### FROM COFFEE.

---

Appeal from Chancery Court of Coffee County. W. S. BEARDEN, Ch.

B. P. BASHAW for Jacobs.

COOPER & COOPER and J. L. EWELL for Runnells.

WILKES, J. This cause is before the Court upon appeal from the Court of Chancery Appeals. Among other matters involved, the controlling question is the proper construction and application of Chapter 9, Acts of 1885. So far as necessary to be quoted, it reads as follows: "Liens on realty retained in favor of vendors on the face of a deed, also mortga-

ges, deeds of trust and assignments of realty exe-
cuted to secure debts, shall be barred and the liens
discharged, unless suit to enforce the same be brought
within ten years from the maturity of the debt;
provided, that this statute shall not run against ex-
isting liens only from the date of the passage of
this Act.''

This Act became a law on February 20, 1885.
It appears that a sale was made in this cause by
Cooper, trustee, under a trust deed, more than ten
years after the maturity of the note secured by it,
and more than ten years after the passage of the Act.

It is conceded that in the case of *McElwee* v.
*McElwee*, 13 Pickle, 649, it was held by this Court
that such a trust deed and lien could not be en-
forced against a subvendee more than ten years after
the maturity of the last lien note provided for in
it, even though the note may have been renewed
from time to time within the ten years. It was
held that it was the purpose of the Act to quiet
land titles and to provide that parties having pur-
chased lands should not be disturbed by the assertion
of liens more than ten years old, etc., and it was
said that to hold that notes might be from time to
time renewed and the trust deed or mortgage remain
valid and effective for their enforcement, would defeat
the purpose of the Act.

The Court of Chancery Appeals was of opinion
that the decision was only intended to apply to cases
where the rights of innocent parties, and, perhaps,

creditors, were involved, and was of opinion a different rule would apply between the original parties, and that the Act was not intended to apply as between them.

The Court reports that the failure to collect the debt and enforce the mortgage in this case was brought about by continued promises of payment, and indulgence prayed and granted, both as to the debt and the enforcement of the mortgage, and that mortgage was enforced within six years after the last petition for indulgence, and it is of opinion that the statute should not be held to apply in such case, and that the same reasons do not apply as in cases of purchasers and creditors of the original grantee, and that the mere renewal or extension of the debt should suffice also to extend the mortgage or trust deed.

It is true, as found by the Court of Chancery Appeals, that in the case of *McElwee* v. *McElwee*, 13 Pickle, 649, the question arose between a mortgagee and a subvendee of the mortgagor, but it was not said in that case, nor intended to be implied by what was said, that the Act was only intended to be applied when the rights of creditors and innocent purchasers or subvendees were involved.

We can see no good reason why the statute should not be held to apply as between the original parties, and such, we think, is the plain provision of the law. To establish a distinction between the two classes of cases, would, we think, lead to con-

fusion, and finds no warrant in either the letter or spirit of the Act. The object of the Act was to quiet titles, and one of the means to be employed was this provision for the extinction of express liens upon lands, and denying any remedy to enforce the same, after the lapse of ten years from the time the original debt secured became matured. If the parties desire to extend the lien or mortgage beyond the ten years, it can be done by executing a new mortgage, trust or declaration of lien to be registered as was the original. But it would render the Act forceless to hold that such mortgage, trust or express lien can be kept a lien by a parol promise, or one in writing but not registered, to pay the debt or keep the mortgage in force. It is true, a note may be extended by a new parol promise or renewal indorsed upon it, or otherwise, but such extension in case of a note is not intended to be registered, as the original note is not required to be.

It was the purpose and is the meaning of the Act, that express liens, mortgages, and deeds of trust shall not be enforceable after ten years from the maturity of the debt secured, and titles are quieted by conclusively presuming that such liens, mortgages, and trusts are satisfied and extinguished after the lapse of ten years from the maturity of the debt secured, nothing else appearing upon the books of the Register. It follows that the sale, under the trust deed in this case, having been made more than ten years after the maturity of the debt secured,

was unauthorized, and conferred no title on the purchaser, and such sale is set aside and for nothing held.

The decree of the Court of Chancery Appeals is reversed, and the bill of complainant, Runnells, is dismissed, and the relief prayed in the cross bill by Jacobs and wife is granted to the extent of setting aside said sale made by the trustee, Cooper, at which complainants became purchasers, and they will be taxed with all the costs.