## J. E. K. ALEXANDER *v.* GEO. P. MUSE.

### (*Nashville.* December Term, 1903.)

1. **EVIDENCE.** Of complainant as a witness does not overcome positive denial in sworn answer, when.

The evidence of the complainant as a witness is not sufficient to overcome the positive denial of defendant in his answer under oath, where the oath was not waived under the statute. (*Post, pp.* 235-236.)

Cases cited and approved: Baker v. Barfield, 4 Hum., 514; Raines v. Jones, 4 Hum., 490; Woodfork v. Bank, 3 Cold., 497.

2. **STATUTES OF LIMITATIONS.** Requisites to revive barred debt.

In order to remove the bar of the statutes of limitations, there must be either an express promise to pay, or an acknowledgment of the debt, accompanied by an expression of willingness to pay it. (*Post, p.* 236.)

Cases cited and approved: Warren v. Cleaveland, 3 Cates, 174, and the authorities there cited.

3. **SAME.** Renewal note does not renew mortgage by merely referring to it as in force.

A mortgage on land is not renewed or extended by a renewal note for the debt secured, although the renewal note for the debt recites that "This is a renewal of a former note for land which is secured by mortgage which is still in force." (*Post, pp.* 236-238.)

Acts cited and construed: 1885, ch. 9.

Cases cited and approved: McElwee v. McElwee, 97 Tenn., 649; Runnells v. Jacobs, 100 Tenn., 397; Bank v. Smith, 107 Tenn., 476.

Case cited, distinguished, and approved: Christian v. John, 3 Cates, 92.

## FROM BEDFORD.

Appeal from the Chancery Court of Bedford County—
WALTER S. BEARDEN, Chancellor.

JAMES A. JONES, for complainant.

D. W. SHRIVER and WM. B. BATES, for defendant.

MR. JUSTICE WILKES delivered the opinion of the
Court.

The complainant in this case is a sister of the defend-
ant. In 1876 she sold to her brother her interest in a
tract of land in Bedford county for $1,415 taking his
note for the purchase money, and secured the payment
of the same by a deed of trust executed at that time.
The note was not paid, and the deed of trust was not
foreclosed, but in April, 1895, the defendant executed to
his sister a note in the following words and figures:

"One day after date I promise to pay H. A. Muse
$1,415. This is a renewal of a former note for land
which is secured by mortgage which is still in force this
April 9, 1895."

At the same date he executed to her a duebill for $100.
The present bill is to collect these notes and enforce this
deed of trust.

Alexander v. Muse.

The chancellor refused any relief, and dismissed the bill, and complainant appealed. The court of chancery appeals affirmed the decree of the chancellor, and complainant has appealed to this court. The court of chancery appeals based its decision upon the ground that the notes and the deed of trust were barred by the statute of limitations, and the complainant assigns this holding of that court as error upon both features of the case.

It is said that the bar of the statute as to the notes was removed by new promises to pay. Upon this feature of the case, the court of chancery appeals finds that the bill charges that, before the statute had run against the notes the defendant and complainant had an interview, in which she told her brother that it would be better to calculate the interest on the note, and renew the same.

The defendant replied that he was busy, and would do so, but that an honest man's note never ran out of date, and that she was in no danger.

He answered under oath (it not being waived), and denied the conversation, or the making of any renewal promise. Complainant's testimony alone was taken, and she deposes, in substance, the same thing charged in the bill.

In her deposition she states the matter thus:

"Thrice in the last six years I know he promised to renew the note, but claimed he was busy, and said that an honest man's note never went out of date."

The court of chancery appeals held that this testi-

mony of complainant was not sufficient to overturn the denial in defendant's answer, which is emphatic.

In this we are of the opinion they are sustained by authority. *Baker* v. *Barfield,* 4 Hum., 514; *Raines* v. *Jones,* Id., 490; *Woodfork* v. *The Bank,* 3 Cold., 497.

We know of no modification or abolition of this rule since the statute allowing parties to testify in their own behalf. But, upon complainant's own testimony, the evidence does not make out a case of renewal.

In *Warren* v. *Cleveland,* 3 Cates, 174, 76 S. W., 910, the rule is laid down, upon a review of all our cases, that, in order to remove the bar of the statute, there must be either an express promise to pay, or an acknowledgment of the debt, accompanied by an expression of willingness to pay it; citing all the authorities.

There is no express promise to pay made out here, but only an indefinite promise to renew it sometime, with a very weak and indefinite excuse to avoid a present renewal. The general expression that an honest man's note never went out of date is the expression of a very good sentiment by very evasive and general language.

But it is said that, even if the notes are not renewed, the mortgage or deed of trust is by the written expression contained in the note, to wit: "This is a renewal of former note for land which is secured by mortgage which is still in force." By the Acts of 1885, p. 49, c. 9, it is provided that "liens on realty retained in favor of vendors on the face of a deed, also mortgages, deeds of trust, and assignments of realty executed to secure debts

shall be barred and the liens discharged unless suit to enforce the same be brought within ten years from the maturity of the debt," etc.

This act has been passed upon in the case of *McElwee* v. *McElwee,* 97 Tenn., 649, 37 S. W., 560, in which it was held that its provisions barred a lien on realty at the expiration of ten years from the maturity of the original debt secured, although the debt may have been kept alive and the time of payment postponed by renewals of the notes within ten years next before the institution of the suit.

The same was held in regard to a deed of trust in *Runnells* v. *Jacobs,* 100 Tenn., 397, 45 S. W., 980, and again in *Bank* v. *Smith,* 107 Tenn., 476, 64 S. W., 756.

These cases are conclusive upon the question involved in this suit.

We are referred to the case of *Christian* v. *John,* 3 Cates, 92, 76 S. W., 906, as holding a different doctrine, but the principle there decided is not the same as involved in the case at bar.

In that case the party sought to be charged accepted a deed which provided that, in consideration of the same, he should assume and pay a specified mortgage on the property, and the court held that he thereby bound himself as effectually for said mortgage as if he had bound himself to pay the debt by an indenture deed. This was based upon the idea or principle of estoppel— that a party cannot claim and hold under an instrument, and

Alexander v. Muse.

at the same time repudiate and deny its terms and stipulations.

No such principle is involved in this case, but the simple proposition here presented is whether a mortgage or deed of trust can be extended by merely referring to it in an independent paper as being still in force.

We are of opinion it cannot be extended in such way, even if the terms of the writing were more definite in their description of the deed of trust, so as to identify it.

We are of opinion that there is no error in the holding of the court of chancery appeals, and its decision is affirmed.