In re Charles Edward WEST, Iva Lee Hill West, Debtors.

Iva Lee Hill WEST, Plaintiff,

v.

UNITED AMERICAN BANK, Defendant.

Bankruptcy No. 3–81–01298.
Adv. No. 3–81–0989.

United States Bankruptcy Court,
E. D. Tennessee.

Aug. 19, 1982.

Ferdinand Powell, Jr., Johnson City, Tenn., for plaintiff.

Earl R. Booze, Bryant, Price, Brandt, Fox, Booze & Beeson, Johnson City, Tenn., for defendant.

MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding, one of the debtors, plaintiff Iva Hill Lee West, seeks an order adjudging and declaring that a certain deed of trust held by the defendant bank is null and void. Trial was held March 1, 1982.

I

Plaintiff and her husband, Charles Edward West, are the owners as tenants by the entireties of a tract of land with a trailer and dwelling structure thereon in which she and her husband reside, located in the 8th Civil District of Washington County, Tennessee, Rt. 3, Green Pond Road. After the debtors filed a voluntary bankruptcy case on August 20, 1981, 11 U.S.C. § 302, the United American Bank filed a secured claim asserting as collateral certain vehicles and a deed of trust on the debtors' residence. The validity of the Bank's security interest in the vehicles is not in dispute. Further, it is not disputed that Charles Edward West executed and acknowledged a deed of trust conveying his interest in the real property to Leon Jordan, Trustee, to secure an indebtedness to the Bank totaling $100,660.80. The deed of trust is dated March 24, 1980, and was recorded March 27, 1980, in Trust Deed Book 632, page 580, Registers Office for Washington County, Tennessee. The question that is in dispute is whether Mrs. West *acknowledged* the deed of trust before Stanton M. Browne, a Notary Public and bank Vice-President and, if she did not acknowledge the instrument, whether the instrument is void as between the parties.[1] According to Mrs. West, she signed her name to the deed of trust at her residence and gave it to her husband but she emphatically denies that she ever appeared or acknowledged the instrument be-

1. Neither the trustee nor any other third party is a party to this proceeding.

fore Mr. Browne. Mr. Browne testifies otherwise.

## II

In March of 1980, Mr. West was indebted to the bank. He wanted to borrow an additional $5,000.00. According to West, he and David Moody talked to Mr. Browne at the bank between 2:00 and 2:30 p. m. on March 24. Mr. Browne stated that something had to be done "this very day" about West's other notes and demanded that West give the bank a deed of trust on his home. West agreed and signed a note and the deed of trust. Browne took the documents to his home some three miles away where he prevailed upon his wife to affix her signature. He then took the papers back to Mr. Browne at the bank where he received the $5,000.00. His wife did not accompany him to the bank.

David Moody testified that he went to the West's residence on March 24 between 1:30 and 2:00 p. m. Moody and West were considering forming a corporation to take over West's trucking business. He accompanied West to the bank and fully corroborates West's testimony as to the events that transpired—Browne wanted a trust deed on the real property; West signed the note and trust deed at the bank; West carried the note and trust deed back to his residence to obtain his wife's signature. Upon returning to the West residence, Moody got into his own car and drove off. He did not go into the house or accompany West back to the bank.

The plaintiff, Iva Lee West, testified that Mr. Moody came to the West residence early in the afternoon of March 24. Moody and her husband left the house and returned shortly after 3:00 p. m. Her husband asked her to get the deed to their house. He also handed her some papers to sign which, after some discussion, she reluctantly did. Mrs. West testified that the deed of trust was not filled in at the time she affixed her signature. She says she "absolutely" did not go to the bank on that day and did not appear before Mr. Browne or acknowledge the execution of the instrument before him. She had appeared before Mr. Browne previously.

A daughter, Cherisa West, was at home the afternoon of March 24 when her father came home. She was in the bedroom when she heard "the distressed tone in her mother's voice." She went into the kitchen where her father was urging her mother to sign some papers which she ultimately did. Her father left the house with the papers.

Mr. Browne testified that Mr. and Mrs. West came by his office at the bank between 8:30 and 9:00 a. m. on March 24. An appointment had been set up earlier. His secretary had worked late "the night before" and had prepared all the papers which were ready when the Wests came to the bank. On cross-examination Mr. Browne again testified that all papers had been prepared "the night before" but when the attorney for the debtor pointed out that "the night before" would have been a Sunday, Mr. Browne stated he meant the last working night of the prior week. According to Mr. Browne, no one other than the Wests and his former secretary were present on the morning of March 24.

The Bank introduced the deposition (written interrogatories) of Edna Johnson, the former secretary to Mr. Browne. Ms. Johnson supports Mr. Browne's testimony that both Mr. and Mrs. West appeared at the Bank on March 24, 1980, when the deed of trust was executed.

## III

Under the proof adduced, it is not necessary to determine whether Mrs. West *acknowledged* the instrument before a Notary Public, as the Bank insists, or whether Mrs. West merely signed the deed of trust at her residence but failed to acknowledge the same, as she insists.

Mrs. West admits that she signed the deed of trust. She also testified, however, that the instrument was "blank" when she affixed her signature thereto but the court cannot accept this testimony at face value. Mrs. West was "distressed" because she realized they were being asked to mortgage

their home. Mr. West testified that, although the deed of trust was not "filled in" when he signed the instrument, the note was complete. The note, Exhibit 2, recites that the Wests grant to the Bank as security for the debt a "1st Deed of Trust on real property located in the 8th Civil District of Washington County, Tennessee . . . ."

 The finding by this court that Mrs. West executed the deed of trust precludes her from challenging the validity of the instrument.

T.C.A. § 66–22–101 provides that "To authenticate an instrument for registration, its execution shall be acknowledged by the maker . . . ." T.C.A. § 66–26–101 enacts that all of the instruments mentioned in § 66–24–101 "shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided."

Thus, a deed is effective between the parties thereto without acknowledgment or registration, but not effective as to other parties without notice. As stated heretofore, no other party is involved in this proceeding.

> "[A]ll instruments required by law to be acknowledged and registered are good as between the parties and other privies without acknowledgment or registration."

*Fidelity Mut. Life Ins. Co. v. Wall,* 167 Tenn. 207, 68 S.W.2d 108, 110 (1934), citing *Wilkins v. McCorkle,* 112 Tenn. 688, 80 S.W. 834 (1904).

Under the provisions of the statutes, the complaint will be dismissed.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

Submit judgment accordingly.