**In re Clarence Joseph
FRASIER, Debtor.**

**T. Larry EDMONDSON,
Trustee, Plaintiff,**

**v.**

**Clarence Joseph FRASIER and
Margery Frasier, Defendants.**

**Bankruptcy No. 381–04080.
Adv. No. 384–0393.**

United States Bankruptcy Court,
M.D. Tennessee.

April 2, 1985.

Peter V. Hall, Murfreesboro, Tenn., for Clarence Frasier.

Dicken E. Kidwell, Murfreesboro, Tenn., for Margery Frasier.

T. Larry Edmondson, Nashville, Tenn., for trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue presented is whether a trustee can assert his status as a hypothetical lien creditor or bona fide purchaser under § 544 to defeat the ownership rights of the debtor's former spouse claiming pursuant to an unrecorded divorce decree where the trustee's complaint is filed after two years after the date of the bankruptcy petition. Because the trustee did not commence this action within the time requirement imposed by 11 U.S.C. § 546, the complaint must be dismissed.

The following constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### I.

The defendant, Margery Frasier, was divorced from the debtor, Clarence Joseph Frasier, in October, 1979. The property settlement agreement in the divorce decree, as approved by the Circuit Court for Rutherford County, Tennessee (Civil Action No. 13426), provides Margery Frasier with a lifetime interest in the real property at issue if she remains unmarried. In the event of remarriage or a sale of the property, Margery Frasier is to receive two-thirds of the net proceeds while Clarence Frasier is to receive one-third.[1] Prior to the divorce, the property was titled in Margery Frasier and Clarence Frasier as tenants-in-common. The divorce decree was never recorded in the Registrar's Office for Rutherford County.

Clarence Frasier filed a Chapter 7 petition on December 31, 1981 and a trustee was appointed on January 14, 1982. The trustee filed this "Complaint to Determine Trustee's Ownership in Real Property" on October 5, 1984. The trustee claims that by virtue of the failure to record the divorce decree, he holds an undivided one-half interest as tenant-in-common in the property.

### II.

Under Tennessee law, a divorce decree must be registered to be effective as a conveyance of real property against creditors and bona fide purchasers of the property.[2] Under similar facts in *Lancaster v. Hurst*, 27 B.R. 740 (Bankr.E.D.Tenn. 1983) Judge Bare concluded that a divorce decree must be registered if its provisions affecting title to property are to be effective against creditors and bona fide pur-

---

1. This description of the terms of the divorce decree is taken from the parties' stipulation of facts. The decree itself was not provided to the court.

2. TENN.CODE ANN. § 66-24-101 lists a number of writings which may be registered. The divorce decree would fit into at least one of the listed categories such as:

   (1) all agreements and bonds for the conveyance of real or personal estate;

   (10) all marriage settlements, contracts, or agreements;

   (14) all instruments in writing transferring or conveying any right of improvement, occupancy or preemption;

   (17) memoranda of judgments, attachments, orders, injunctions, and other writs affecting title, use or possession of real estate;

   (18) certified copies of decrees divesting title of land out of one (1) person and vesting it in another.

   TENN.CODE ANN. § 66-26-103 provides that any of these recordable instruments not properly registered "shall be null and void as to existing or subsequent creditors of or bona fide purchasers from, the makers without notice."

chasers. He held that "it was incumbent upon the defendant to register the divorce decree to perfect her occupancy interest against creditors of her former husband." *Hurst* at 746. Judge Bare held that the trustee's rights as a hypothetical lien creditor or bona fide purchaser under 11 U.S.C. § 544(a) were superior to the rights of a former spouse claiming under an unrecorded divorce decree. We concur in Judge Bare's conclusions.

· However, this proceeding differs from *Hurst* in one important respect. Here, the trustee was appointed on January 14, 1982 and his complaint was filed on October 5, 1984.[3] Notwithstanding the merits of the trustee's position, this action is untimely filed under 11 U.S.C. § 546 which provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or

(2) the time the case is closed or dismissed.

An adversary proceeding must be filed within the time period prescribed by § 546 when the trustee attempts to use the powers granted to him under the named Code sections. *See Millhone v. Swan Lumber Co. (In re Sims Bros. Builders, Inc.)*, 35 B.R. 149 (Bankr.S.D.Ohio 1983).

The trustee argues that he is not relying on § 544 or any avoidance power and therefore § 546 is inapplicable. He states that "the real property in question is property of the estate pursuant to § 541" and he need not use an avoidance power "since the property settlement was never recorded." We disagree with his analysis. As was demonstrated in *Hurst*, the trustee's only vehicle to deny the effect of the divorce decree, valid between the parties,[4] is to assert his special powers under § 544. The property interest claimed by the trustee can only be established by a successful avoidance action. *See* 11 U.S.C. § 551 (when transfer is avoided under § 544, property is preserved for the benefit of the estate). Unfortunately for the trustee, § 546 prescribes a specific time limitation within which such an action must be brought. Accordingly, the trustee's complaint must be dismissed.

An appropriate order will be entered.

---

**3.** In *Hurst* the bankruptcy petition was filed on March 2, 1981. The trustee's action was brought on December 23, 1981—well within the limitations fixed by § 546.

**4.** The divorce decree need not be registered or recorded in order to be fully effective between the parties. TENN.CODE ANN. § 66–26–101 (1982) provides:

*Effect of instruments with or without registration.* All of the instruments mentioned in § 66–24–101 shall have effect between the parties to the same, and their heirs and representatives, without registration; . . . .

*See Campbell v. Home Ice and Coal Co.*, 126 Tenn. 524, 150 S.W. 427, 428 (1912); *Fidelity Mutual Life Insurance Co. v. Wall*, 167 Tenn. 207, 68 S.W.2d 108, 110 (1934); Sewell, *The Tennessee Recording System*, 50 TENN.L.R. 1,

15 (1982). Thus the provisions of the decree awarding certain property interests to Margery Frasier were legally enforceable by her as against her ex-husband.

The trustee in bankruptcy acquired bare legal title to this real estate pursuant to § 541. *See, e.g., In re Erwin*, 25 B.R. 363 (Bankr.D.Minn. 1982) (divorce decree vesting property in nonfiling former spouse creates equitable interests which are not part of the bankruptcy estate). To realize the rights the trustee asserts in this action (i.e., status as a full tenant-in-common), the trustee must avoid the effect of the unrecorded divorce decree, here by exercise of his powers under § 544. The Bankruptcy Code provides a statute of limitations for such actions.