## In re FAIRFIELD GROUP PARTNERSHIP Debtor.

### Bankruptcy No. 3–86–02397.

United States Bankruptcy Court, E.D. Tennessee.

Jan. 12, 1987.

Lynn Tarpy, Knoxville, Tenn., for debtor.

A. Wayne Henry, Loudon, Tenn., for First Heritage Nat. Bank of Loudon and Bernie R. Swiney, Trustee.

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor, a partnership, filed a voluntary petition under Chapter 11 on November 13, 1986. On November 14, 1986, the debtor filed a "Motion For Contempt" alleging that First Heritage National Bank of Loudon and Bernie Swiney, Trustee (respondents), subsequent to the filing of its bankruptcy petition, with knowledge of the filing of the same, foreclosed a mortgage on real estate in Loudon County, Tennessee, in which the debtor had an interest in violation of the automatic stay of § 362. (11 U.S.C.A. § 362(a) (West 1979 & Supp. 1986)). The debtor seeks a finding by this court that respondents knowingly and willfully violated the automatic stay; recision of the foreclosure sale; and an award of costs and attorney fees.

On December 1, 1986, respondents filed a "Response To Motion For Contempt" asserting they in no way willfully and knowingly intended to violate the automatic stay; that the debtor had no interest in the property which was foreclosed; and that the real estate in question was owned by Matlock Bend Limited, a Tennessee limited partnership.[1] This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West Supp. 1986).

I

The real estate which is the subject of this contested matter consists of approxi-

---

1. On November 21, 1986, the respondents filed a motion to dismiss the debtor's "Motion For Contempt" on the ground that the debtor had not served the motion in compliance with Fed.R. Bankr. 7004. The court deems the special appearance entered by respondents through the dismissal motion waived by the entry of their general appearance through the filing of their "Response To Motion For Contempt." Accordingly, this procedural issue is now moot.

mately 50 acres in the Matlock Bend subdivision in Loudon County, Tennessee. This property is part of an original tract of approximately 184 acres conveyed by the debtor to Matlock Bend Limited on January 27, 1982. The conveyance of the real estate was consummated by the debtor's execution of a Warranty Deed which was recorded in the office of the Loudon County Register of Deeds on February 1, 1982, at 9:05 a.m. There was no reservation of title by the debtor; the conveyance as evidenced by the Warranty Deed was absolute.

Matlock Bend Limited was created on January 1, 1982, under the provisions of the Tennessee Uniform Limited Partnership Act, Tenn.Code Ann. §§ 61–2–101 to 130 (1980 & Supp.1986). The Limited Partnership Agreement, of record in the office of the Register of Deeds for Loudon County, Tennessee, reflects that Matlock Development Corporation is the general partner and that there are eleven (11) limited partners. The limited partnership was created for the purpose of acquiring property in Loudon County, Tennessee, known as Matlock Bend. Robert G. Heath, one of the debtor's general partners, testified the debtor is one of the limited partners of Matlock Bend Limited.[2] The record does not support this testimony. While two of the debtor's general partners, Patrick N. Doyle and Robert G. Heath, are named individually as limited partners, the debtor is not designated in the Matlock Bend Limited Partnership Agreement as a limited partner.[3]

On January 29, 1982, Matlock Bend Limited partnership, by Matlock Development Corporation, general partner, and the debtor, by its four general partners (Robert G. Heath, Patrick N. Doyle, John E. Guzman and James U. Bertram), executed a Deed of Trust in favor of respondents. This Deed of Trust, which created a mortgage on the 50 acres of Matlock Bend subdivision which is in dispute, shows on its face it was executed to secure a $200,000.00 loan from respondent First Heritage National Bank to the grantors. The Deed of Trust was recorded in the office of the Loudon County Register of Deeds on February 1, 1982, at 9:20 a.m.

## II

Section 362(a) of title 11 of the United States Code enacts in material part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ..., operates as a stay, applicable to all entities, of—
>
> .    .    .    .    .
>
> (4) any act to create, perfect, or enforce any lien against *property of the estate;*
>
> .    .    .    .    .

11 U.S.C.A. § 362(a) (West 1979 & Supp. 1986) (emphasis added).

Section 541(a) of title 11 of the United States Code enacts in material part:

> The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property *as of the commencement of the case.*
>
> .    .    .    .    .

---

**2.** The respondents in their "Response To Motion For Contempt," in their cross-examination of Mr. Heath, and in their post-trial brief, agree without argument that the debtor is a limited partner.

**3.** Tenn.Code Ann. § 61–2–102 (1980), entitled "Certificate of Limited Partnership," provides in material part:

> (a) Two (2) or more persons desiring to form a limited partnership shall:

> (1) Sign and swear to a certificate which shall state:
>
> .    .    .    .    .
>
> (D) The name and place of residence of each member; general and limited partners being respectively designated;
>
> .    .    .    .    .
>
> (2) File for record the certificate in the office of the county register;
>
> .    .    .    .    .

11 U.S.C.A. § 541(a) (West 1979 & Supp. 1986) (emphasis added).

On January 27, 1982, the debtor transferred by Warranty Deed its entire interest in the Matlock Bend subdivision real estate to Matlock Bend Limited. Two days later, on January 29, 1982, the debtor, jointly with Matlock Bend Limited, executed a Deed of Trust granting First Heritage National Bank a mortgage on 50 acres of the original 184 acres transferred to Matlock Bend Limited on January 27, 1982. The Warranty Deed, recorded on February 1, 1982, at 9:05 a.m., was recorded fifteen minutes before the Deed of Trust.

Tenn.Code Ann. § 66–26–101 (1982) enacts that all the instruments mentioned in § 66–24–101[4] "shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided."

By authority of Tenn.Code Ann. § 66–26–101 (1982), a deed is effective between the parties thereto without acknowledgement or registration, but not as to other parties without notice. *Fidelity Mut. Life Ins. Co. v. Wall,* 167 Tenn. 207, 68 S.W.2d 108, 110 (1934), citing *Wilkins v. McCorkle,* 112 Tenn. 688, 80 S.W. 834 (1904). See also this court's opinion in *West v. United American Bank,* 23 B.R. 48 (Bankr.E.D. Tenn.1982).

The Warranty Deed was registered prior to the Deed of Trust. The registration of the Warranty Deed gave notice to all the world that title to the Matlock Bend real estate had vested in Matlock Bend Limited.[5]

The debtor retained no interest in any portion of the Matlock Bend subdivision real estate subsequent to registration of the Warranty Deed. Registration of the Deed of Trust was meaningless as to respondents insofar as it purported to convey an interest of the debtor in any portion of this real estate. The debtor had no interest to convey. On the date of the execution of the Deed of Trust, Matlock Bend Limited was the owner of the entire 184 acres, inclusive of the 50 acres conveyed to respondents under the provisions of the January 29, 1982, Deed of Trust.

The 50 acres of Matlock Bend subdivision real estate foreclosed by respondents subsequent to the filing of the debtor's Chapter 11 petition was not owned by the debtor on the date of the commencement of its bankruptcy case and did not constitute property of the estate under Bankruptcy Code § 541(a). Even assuming arguendo that the debtor is a limited partner in Matlock Bend Limited[6] the automatic stay of § 362(a) has no application. *Turner v. Lee (Matter of Minton Group, Inc.),* 46 B.R. 222, 225 (S.D.N.Y.1985) (automatic stay in general partner's bankruptcy case does not extend to property of the partnership); *Venture Properties, Inc. v. Norwood Group, Inc.,* 37 B.R. 175, 176 (Bankr.D.N. H.1984) (where corporate debtor is general partner of non-debtor limited partnership automatic stay does not apply as to property of the limited partnership). The debtor's "Motion For Contempt" will be denied.

---

**4.** Tenn.Code Ann. § 66–24–101 (Supp.1986) entitled "Writings eligible for registration," enacts in material part:

    (a) The following writings may be registered:

    .   .   .   .

    (4) All deeds for absolute conveyance of any lands, tenements or hereditaments, or any estate therein;

    .   .   .   .

    (8) All mortgages and Deeds of Trust of either real or personal property;

**5.** Tenn.Code Ann. § 66–26–102 (1982), entitled "Notice to all the world," provides that: "All of said instruments so registered shall be notice to all the world from the time they are noted for registration, as prescribed in § 8–13–108; *and shall· take effect from said time."* (Emphasis added.)

**6.** *See supra* notes 2 and 3 and accompanying text.