Raymond **LINDSEY** and Johnnie Faye Lowe, Plaintiffs/Appellees,

v.

Eugene **LINDSEY**, Defendant/Appellant.

Court of Appeals of Tennessee, Western Section.

March 15, 1996.

Application for Permission to Appeal Denied by Supreme Court July 1, 1996.

554

Eugene B. Dixon, Kiella & Dixon, Maryville, for Defendant/Appellant.

Phillip Reed, Reed & Hickman, P.A., Maryville, for Plaintiffs/Appellees.

HIGHERS, Judge.

This case involves an unfortunate dispute between a father and his children. Plaintiffs, Raymond Lindsey and Johnnie Faye Lowe, brought suit for an injunction pursuant to

T.C.A. § 29–23–201 (Michie 1980).[1] Plaintiffs sought to prevent their father, Defendant Eugene Lindsey, from bringing foreclosure proceedings on a note and deed of trust covering certain real property located in Blount County, Tennessee. The trial court granted Plaintiffs request for an injunction, and Defendants perfected the present appeal.

On August 25, 1983, Eugene Lindsey conveyed, by warranty deed, 5.49 acres of land to his three adult children, Raymond Lindsey, Johnnie Faye Lowe, and Jeania Lou Finger. Contemporaneously, the parties executed a deed of trust to secure payment of a $70,000 demand note. Although Defendant recorded the warranty deed soon after the conveyance, the deed of trust was not recorded until January 29, 1993.

By oral agreement of the parties, Defendant continued to reside in the home located on the 5.49 acres. Defendant did not pay rent to Plaintiffs. Defendant maintained the house, insured the property, and paid the property taxes on the land. According to Plaintiff Raymond Lindsey, the purpose of the $70,000 demand note was to provide security to Defendant, ensuring him that his children could not one day force Defendant off the property. There was also testimony that Defendant was worried that "some woman" would take the land away from him. Defendant admitted that the "sale price" of the property was not negotiated by the parties. Raymond Lindsey testified that all of the parties agreed that Defendant would never attempt to collect on the demand note. This testimony was corroborated by Danny Covington, Raymond's son-in-law, and Brenda Lindsey, Raymond's wife.

Defendant testified that he did not give the property to Plaintiffs; rather, Defendant stated that he sold the property to his children and could collect on the demand note at any time. Defendant stated that he could not recall why he recorded the warranty deed in 1983 but did not record the deed of trust until 1993. Defendant's testimony that he sold the land to his children was corroborated by Jeania Lou Finger, Defendant's

daughter. Ms. Finger stated that at no time did she think her father was giving the 5.49 acres to his three children. Ms. Finger testified that she knew her father could collect on the demand note.

In 1988, the Plaintiffs conveyed to Defendant, by warranty deed, a life estate in the same 5.49 acres. The warranty deed was signed by Raymond Lindsey, Johnnie Faye Lowe, and Jeania Lou Finger and recorded at the Register of Deeds' office in Blount County, Tennessee, on October 22, 1988. Plaintiffs allege that the warranty deed conveyed a life estate to the Defendant, replacing the deed of trust and demand note. Raymond Lindsey testified, contrary to the testimony of Defendant, that Defendant agreed to tear up the demand note when he accepted the life estate. The original demand note was not produced at trial. However, there is no written release of the note or deed of trust, and the parties hotly contested the effect of the life estate at trial.

Plaintiffs rely on Defendant's deposition, taken due to insurance coverage litigation that followed a fire on the property in 1990, for their argument that the life estate given to Defendant in 1988 nullified the original deed of trust. In that deposition, Defendant acknowledged that he had given the house to his children and retained a life estate for himself. However, at trial Defendant testified that he had heard of, but had never seen, the warranty deed conveying a life estate to him.

In 1991, Jeania Lou Finger filed for Bankruptcy. Defendant, through an attorney, filed a claim as an unsecured creditor for $70,000, relying on the unrecorded deed of trust and the demand note, which was at that time lost. The bankruptcy court denied Defendant's claim, and the property was eventually sold in a private trustee's sale to Plaintiff Raymond Lindsey, who received a trustee's deed representing Ms. Finger's former one-third interest in the property. According to Raymond Lindsey, Defendant encouraged him to buy Ms. Finger's share of the property. Defendant's testimony was

---

1. Jeania Lou Finger, Defendant's daughter, received a one-third interest in the property in the original conveyance. In 1991, Ms. Finger filed

for bankruptcy and her property was sold to Plaintiff Raymond Lindsey.

that he neither received notice of the impending trustee's sale of Ms. Finger's share of the property, nor discussed the sale with Raymond. However, Defendant admitted that Raymond Lindsey told him about the sale.

On February 25, 1993, Eugene Dixon,[2] attorney for Defendant and also a named Defendant in this case, sent a letter to Plaintiffs requiring that payment on the demand note be made immediately. When Plaintiffs failed to meet Defendant's demand, Mr. Dixon scheduled a foreclosure sale, to take place June 14, 1993. Plaintiffs thereafter sought a permanent injunction to prevent Defendant from foreclosing on the property.

The lower court made the following findings of fact:

1. The current record fee simple owners of the property, being the subject matter of this litigation is as follows;

A. Raymond Lindsey, a two-thirds undivided interest acquired as follows; a one-third undivided interest by deed of Eugene Lindsey, dated April 25th, 1983. Recorded in ... Blount County, Tennessee. A one-third undivided interest by trustee's deed dated September 5th, 1991, and recorded in ... Blount County, Tennessee.

B. Johnnie Faye Lowe, a one-third undivided interest by deed of Eugene Lindsey dated August 25th, 1983. Recorded in ... Blount County, Tennessee.

C. Eugene Lindsey, a life estate in the whole acquired by deed dated September 26th, 1988. Recorded in ... Blount County, Tennessee.

D. Said property is the subject of a deed of trust executed by Raymond Lindsey, Johnnie Faye Lowe, and Jeania Lou Finger dated August 25th, 1983. Recorded January 29th, 1993.... The validity of this Deed of Trust is now here in question.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d) (Michie 1995).

The weight, faith, and credit to be given to any witness' testimony lies in the first instance with the trier of fact. The credibility accorded the witness will be given great weight by the appellate court. *Town of Alamo v. Forcum–James Co.*, 205 Tenn. 478, 483, 327 S.W.2d 47, 49 (1959); *Mays v. Brighton Bank*, 832 S.W.2d 347, 351 (Tenn. App.1992). In this vein, we agree with the trial court's statement that:

> The ... testimony that has been offered is conflicting, it's contradictory, in many instances confusing and also in certain vital respects irreconcilable. Therefore, the Court is called upon to examine the entire record, weigh the testimony of the respective witnesses and determine the credibility thereof and from the entire record to find where the preponderance of the evidence may lie and to render judgement thereon.

Although counsel have presented a number of issues, we find the dispositive issue to be whether or not Eugene Lindsey may proceed with foreclosure proceedings on the deed of trust.

The trial court found that Defendant reached an accord and satisfaction on the demand note and Deed of Trust, and that Defendant was therefore estopped to pursue foreclosure. An accord is an agreement whereby:

> [O]ne of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement.
>
> . . . .
>
> To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; that the debtor shall intend it as a satisfaction of such obligation, and

---

**2.** Eugene Dixon is named as a Defendant in this suit in his capacity as Trustee.

that such intention shall be made known to the creditor in some unmistakable manner. It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction.... The intention of the parties, which is of course controlling must be determined from all the circumstances attending the transaction.

*R.J. Betterton Mgmt. Serv. v. Whittemore,* 733 S.W.2d 880, 882 (Tenn.App.1987). Whether there has been an accord and satisfaction is a question of fact to be determined by the trier of fact. *Helms v. Weaver,* 770 S.W.2d 552, 554 (Tenn.App.1989).

 The lower court's finding of an accord and satisfaction was based on the fact that, in the ten years following the parties' execution of the demand note, Defendant never attempted to collect on it. Defendant did not record the note until 1993.[3] There was testimony that Defendant promised to tear up the demand note when he accepted the life estate. Consistent with that testimony is the fact that Defendant could not produce the original demand note at trial.[4] Defendant lived on the property rent free, maintained the property, insured the property, and paid taxes on the property. The court found those actions to be inconsistent with Defendant's claim that Plaintiffs own the 5.49 acres and that the deed of trust remains valid. Finally, we accord much weight to the trial court's assessment of the witnesses' credibility, particularly its finding that Defendant's lack of recollection of numerous significant events surrounding the parties' transactions made Defendant's testimony unreliable.

Defendant's counsel argues that the lower court erred in admitting parol evidence regarding the parties' intentions in executing the deed of trust and demand note. Counsel is correct in stating that, "when a contract is clear and unambiguous, the parties' intentions are to be determined from the four corners of the contract." *Bokor v. Holder,* 722 S.W.2d 676, 679 (Tenn.App.1986). However, although the 1983 demand note and deed of trust are clear, the 1988 warranty deed transferring a life estate to Defendant is ambiguous. The stated consideration in the 1988 warranty deed is "[o]ne Dollar ($1.00) and other good and valuable considerations ..." In *Perry v. Central Southern Railroad Co,* 45 Tenn. (5 Cold.) 138 (1867), the court stated: "[A]lthough the grantor is estopped by the recital in the deed from denying the consideration expressed, yet he is not estopped from proving there were other considerations than the one expressed in the deed." *Id.* at 143. In the present case, there was evidence that the true consideration for conveying a life estate to Defendant was that Defendant would "kill," or destroy, the note. The parties' original intentions in executing the 1983 deed of trust and demand note were relevant to the trial court's determination of the true consideration for the 1988 agreement. The parol evidence rule does not bar extraneous evidence of a later written agreement, *Brunson v. Gladish,* 174 Tenn. 309, 316, 125 S.W.2d 144, 147 (1939); *GRW Enterprises, Inc. v. Davis,* 797 S.W.2d 606, 610 (Tenn.App.1990), even where the

> subsequent agreement may have the effect of adding to, changing, modifying or even altogether abrogating the contract of the parties as evidenced by the writing; for the parol evidence [rule] does not in any way deny that the original agreement of the parties was that which the writing purports to express, but merely goes to

---

**3.** Defendant's counsel misreads the trial court's findings with regard to the effect of Defendant's failure to register the deed of trust. It is correct, as counsel states, that a deed of trust is valid between the parties without registration. *Fidelity Mut. Life Ins. Co. v. Wall,* 167 Tenn. 207, 213, 68 S.W.2d 108, 110 (1934). The lower court did not find to the contrary. Rather, the chancellor found that Defendant's failure to record the deed of trust, combined with the other factors cited herein, was repugnant to Defendant's claim that the deed of trust was valid.

**4.** Defendant argues that copies of the demand note and deed of trust were admissible pursuant to Tenn.R.Evid. 1001(4), 1005 (Michie 1995). The trial court did not find that the documents were inadmissible. Rather, the lower court found that Defendant's inability to produce the demand note and deed of trust, combined with evidence that Defendant agreed to destroy the demand note, was inconsistent with Defendant's claim that the demand note and deed of trust remained valid.

show that the parties have exercised their right to change or abrogate the same, or to make a new and independent contract.

*Brunson,* 174 Tenn. at 316, 125 S.W.2d at 147. Accordingly, we find that the trial court did not commit reversible error in admitting evidence of the parties' intentions in executing the demand note and deed of trust.

For the reasons stated herein, the judgment of the trial court is affirmed. Costs are taxed to Appellant.

CRAWFORD, P.J. (W.S.), and FARMER, J., concur.