IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

## DIANA LYNN STINNETT v. JACK STINNETT

**Appeal from the Circuit Court for Knox County**
**No. 69991      Hon. Bill Swann, Judge**

**FILED SEPTEMBER 7, 2000**

**No. E2000-001210-COA-R3-CV**

This is an appeal in a divorce case of the Trial Court's denial of Wife's Motion seeking post-judgment interest. The Judgment was satisfied three years and four months after it was entered. The Motion for post-judgment interest was filed three months after the Judgment was paid. The Trial Court denied post-judgment interest on two grounds. The first was the Trial Court's finding of an accord and satisfaction resulting from Husband's payment of the judgment without interest. The Trial Court also held it would be unconscionable and inequitable for Husband to pay post-judgment interest. The Trial Court then exercised its discretion to deny post-judgment interest. Wife argues that the Trial Court can not deny post judgment interest for equitable reasons, that Husband failed to prove an accord and satisfaction, and that the accord and satisfaction affirmative defense may not be raised for the first time during legal argument, cannot be established without proof, and is waived if not pleaded. We hold the Trial Court erred, reverse the Judgment of the Trial Court, and remand the case for further proceedings. To avoid the appearance of impropriety or lack of impartiality, the Trial Judge is to recuse himself from those further proceedings.

**Tenn. R. App. R. 3; Judgment of the Trial Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

William C. Cremins, Knoxville, Tennessee, for the appellant, Diana Lynn Stinnett.

David L. Valone and Scarlett A. Beatty, Knoxville, Tennessee, for the appellee, Jack Stinnett.

**OPINION**

**Background**

Dianne Stinnett (Wife) filed a divorce complaint against Jack Stinnett (Husband) on August 14, 1995. A Marital Dissolution Agreement (MDA) was filed on October 3, 1995 and was incorporated into the Final Judgment of Divorce entered on November 8, 1995. The MDA provides, in part:

> The marital residence has a mortgage which Husband shall pay and hold Wife harmless therefrom. That residence has a fair market value of One Hundred Forty Thousand Dollars ($140,000.00). As a division of marital property, Husband shall pay Wife Seventy Thousand Dollars ($70,000) at or before executing this agreement. Wife shall quit claim any interest she has in the marital residence to Husband in exchange for half of said fair market value.

> The marital residence and the contents not otherwise addressed herein shall be awarded to Husband and Wife waives any interest she has therein. As an additional division of marital property, Husband shall pay Wife One Thousand Dollars ($1,000.00) on the first of October, 1995, and a like sum on the first of ten (10) consecutive months thereafter until Eleven Thousand Dollars ($11,000.00) is paid to Wife.

From the Wife's filing of the divorce Complaint until after the Final Judgment of Divorce was entered, Husband was not represented by counsel. He then obtained counsel and filed a Motion, on March 21, 1996, asking the Trial Court to set aside the divorce Judgment. In that Motion, Husband claims that his mental state due to post-traumatic stress disorder resulting from his service to his country and his Vietnam War combat-related illness was such that he did not know whether or not he signed the MDA, and that if he did sign it, he was not competent to do so.

After a hearing on Husband's Motion on November 9th and 10th, 1998, the Trial Court entered an Order on November 30, 1998 overruling Husband's Motion. Wife then filed a motion styled "Plaintiff's Motions Per Rules 11 &/or 68, and Per numbered Paragraph V of the MDA" asking that she be awarded her attorney fees and litigation expenses. Wife averred that her defense against Husband's Motion to set aside the Final Judgment of Divorce required extensive discovery and the services of a private investigator and a psychological expert. Further, she stated that Husband had breached the MDA by

> among other things, failing and refusing to tender the Plaintiff Seventy Thousand Dollars ($70,000), a sum equal to half the value of the marital residence, and failing and refusing to make the eleven (11) consecutive monthly payments of One Thousand Dollars ($1,000.00) due her per that agreement. His subsequent contention that he was

incompetent to contract strikes at the very heart of the agreement, is a renunciation of the agreement, and is another breach in itself.

The Trial Court heard Wife's Motion on January 5, 1999, and entered an Order on February 8, 1999, which states, in part:

The Court further noting that . . . the hearing of this cause was not for the enforcement of the Marital Dissolution Agreement but was for the determination of whether or not the Marital Dissolution Agreement was a valid one based upon the mental condition of the defendant.

The Trial Court denied Wife's request for attorney fees and granted her request for discretionary costs of $2,596.35 for court reporter's expense and private investigator. All other discretionary costs were denied.

On March 19, 1999, Husband paid Wife the $81,000 she was awarded in the divorce Judgment. On June 14, 1999, Wife filed a Motion asking the Trial Court "to hold the attached deeds until Defendant pays the judgment sums he is Ordered to pay her, with judicial interest. Alternatively, he (sic) moves this Honorable Court to allow the property to be sold to satisfy the judgment with interest." The Trial Court heard arguments of counsel on the Motion on June 14, 1999, but did not take proof. The Trial Court then entered an Order on July 13, 1999, which provides, in part:

The Court having heard the statements of counsel and arguments of applicable case law and T.C.A. Section 47-14-121, the Court indicated that it never intended that the defendant pay any interest on the $81,000.00 . . . . [O]n or about March 19, 1999, the Court finds defendant paid said sum to plaintiff. In it's (sic) discretion, pursuant to T.C.A. Section 36-4-121, the Court indicated that no interest would be due and owing from the date of the Final Judgment of Divorce until February 8, 1999 when the last Order was entered. The Court further indicated that although interest could accrue from February 8, 1999 until March 19, 1999 when the funds were paid by the defendant to the plaintiff, without interest, the Court finds that the actions of the parties without benefit of counsel is an accord and satisfaction as plaintiff accepted $81,000.00 without the demand for interest. As such, that waives her rights to interest. An accord and satisfaction of said debt is found.

Based upon those findings, the Trial Court ordered:

1. That the defendant will not be required to pay interest on the $81,000.00 based upon the Court exercising it's (sic) discretion from

the November 5, 1995 entry of the Final Judgment of Divorce until the last Order was entered on February 8, 1999. It was not the intent of the Court that interest be paid, based on the discretion given the Court pursuant to T.C.A. Section 36-4-121. The Court rules that interest could accumulate from February 8, 1999 until March 19, 1999 when the $81,000.00 was paid but finds that an accord and satisfaction occurred solely because the plaintiff has accepted said funds without interest and thus, no interest will flow.

Wife then filed a Rule 59 Motion on August 10, 1999, correctly asserting that "this was an irreconcilable differences divorce . . . premised upon a Marital Dissolution Agreement. Thus, the Court never formed nor expressed any intent whatsoever regarding interest." The Motion sought "an alteration of the judgment to include a determination of interest due Plaintiff," and was accompanied by Wife's Affidavit, in which she stated that Husband paid her $81,000.00 on March 19, 1999, and:

> there was no discussion nor understanding between us about interest due on said sum; The first I heard of an agreement to accept said sum without interest was when my lawyer indicated to me that Defendant's lawyer argued to the trial court that one had been reached when said payment was made. There was no such agreement.

On September 21, 1999, the Trial Court heard Wife's Rule 59 Motion, and on October 15, 1999 entered an Order on the Motion amending its July 13, 1999 order and finding:

> 3. Although appellate courts may require interest upon judgments per case law and T.C.A. Section 47-14-121, the Court refuses to do so due to the unique circumstances of Defendant's condition which would become utterly unconscionable if interest were required;[1]
> 4. To correct the July 13, 1999, Order entered in this action regarding why interest is not allowed, the Court amends it to hold it did not intend to express an intent regarding whether interest applied to the judgment sums awarded when the parties' marital dissolution agreement was incorporated into a final decree of divorce. (An MDA is a document of the parties, not the Court.) The Court's denial of interest is based upon equitable considerations as herein expressed and the actions of the parties indicating accord and satisfaction.

## Discussion

---

[1]The Trial Court also commented on personal factors involving Husband's status as a "combat wounded Vietnam War decorated veteran. . . . "

Wife appeals, and raises the following issues:

1.      At issue is whether trial courts have discretion to deny interest upon judgments because of equitable considerations.

2.      At issue is whether a stipulation, that a judgment creditor accepted a judgment sum, establishes an accord and satisfaction waiving any interest due thereupon.

3.      At issue is whether the affirmative defense of accord and satisfaction may be established by defense counsel first raising the defense during oral arguments at a post trial motion seeking judgment interest, and if so, whether that defense was established.

Our review is *de novo* upon the record, accompanied by a presumption of the correctness of the findings of fact of the Trial Court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Alexander v. Inman,* 974 S.W.2d 689, 692 (Tenn. 1998). The Trial Court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Ganzevoort v. Russell,* 949 S.W.2d 293 (Tenn. 1997).

Wife's first issue - whether trial courts have discretion to deny interest upon judgments because of equitable considerations - is purely a question of law. We review the decision of the Trial Court to exercise it discretion based upon equitable considerations *de novo* with no presumption of correctness.

Tenn. Code Ann. § 47-14-121 provides that "[i]nterest on judgments, including decrees, *shall* be computed at an effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute. . . ." (emphasis added). Tenn. Code Ann. § 47-14-122 provides that "[i]nterest *shall* be computed on *every* judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial." (emphasis added). Tenn. Code Ann. § 36-4-121, relied on by the Trial Court, provides broad discretion for a trial court in making an equitable division and distribution of marital property in all actions for divorce or separate support and maintenance. In this case, the Trial Court attempted to avail itself of the broad discretion provided in Tenn. Code Ann. § 36-4-121 to disregard the statutory directives of Tenn. Code Ann. §§ 47-14-121 and 122. It is the Legislature which has determined that post-judgment interest is mandatory, and neither the Trial Court nor this Court is free to ignore this legitimate statutorily created mandate.

While not necessary to our holding, we do note that while the record is not clear, it appears from Wife's appellate brief that Husband had possession of both the marital home and the $81,000.00 for the three years and four months between the date of judgment and Husband's payment of the $81,000.00. A party who enjoys the use of funds after a judgment is rendered requiring him to pay over those funds to another should pay interest on those funds. The post-

judgment interest statute is mandatory. *Bedwell v. Bedwell,* 774 S.W.2d 953, 956 (Tenn. Ct. App. 1989); *Pertew v. Pertew,* No. 03A01-9711-CH-00505, 1999 WL 486917, at *10 (Tenn. Ct. App. July 13, 1999). Husband cites no authority which permits the Trial Court to disregard that statute, and we find none. We hold the Trial Court erred in denying post-judgment interest based upon equitable considerations.

Husband next argues that, despite the mandatory language of Tenn. Code Ann. § § 47-14-121, 122,

> certain language contained in the contract drafted by [Wife's] attorney could be interpreted to mean that the parties waived their right to collect interest because it was not defined as an obligation in said contract. Specifically, the Marital Dissolution contract contained no language that the parties had agreed on interest to be paid and to the contrary specifically stated that they in fact had "<u>waived</u> and <u>hereby waives</u> his or her rights to the extent not already pursued" and that after "honest negotiations, the parties have reached an agreement to <u>define the property rights and obligations respecting each</u> other." (Emphasis added by Husband in appellate brief.)

We find this argument unpersuasive as well. The Trial Court plainly stated the basis of its decision to deny post-judgment interest. The decision was predicated not on any alleged waiver of post-judgment interest in the MDA, but rather on a judicial determination "that it is unconscionable and inequitable for interest to be required . . . due to the unique circumstances of Defendant's condition . . . ." Wife, in obtaining a judgment for $81,000.00, had ". . . already pursued . . ." her rights created by the entry of that judgment, including the right to post-judgment interest. Husband's strained construction of the MDA is not supported by the language of the MDA itself. Nothing in the MDA creates a waiver by Wife of her right to post-judgment interest.

Husband argues for the first time on appeal that Wife did not establish that she had fully performed her own obligation under the MDA to provide Husband a quit claim deed in exchange for the payment of $70,000 to her. Since Husband did not raise this issue or defense in the Trial Court, ". . . it will not be entertained on appeal . . . ." *Lawrence v. Stafford*, 655 S.W.2d 927, 929 (Tenn. 1983).

Husband argues on the second and third issues that his payment of $81,000 to Wife on March 19, 1999, and Wife's delivery to him, at some point in time, of the quit claim deed, constituted an accord and satisfaction satisfying all obligations between the parties, including any obligation on his part to pay post-judgment interest. Husband made this argument to the Trial Court on July 13, 1999, and the Trial Court found:

> At the hearing [of July 13, 1999], counsel for Defendant announced an accord and satisfaction had been effected by the acceptance of the

cashier's check. Counsel for Plaintiff objected, asserting that an accord and satisfaction is an affirmative defense which Defendant's counsel could not raise orally and without proof. The Court held that defense was established by Mrs. Stinnett accepting and cashing the aforesaid check tendered by Mr. Stinnett; her negotiation of the real property deed to the husband; and the conduct of the parties in its entirety.

Whether there has been an accord and satisfaction is a question of fact to be determined by the trier of fact. *Lindsey v. Lindsey,* 930 S.W.2d 553, 557 (Tenn. Ct. App. 1996). As this Court has recently explained:

> Once the existence of a contract has been proven, the defendant in breach who asserts the defense of accord and satisfaction bears the burden of proof by a preponderance of the evidence that the contracting plaintiff agreed to accept lesser payment rendered in satisfaction of the original performance or payment for which the parties contracted.
>
> *  *  *
>
> To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmistakable manner. It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction.

*Ward v. Wilkinson,* No. 01A01-9803-CH-00151, 1999 WL 221843, at *1 (Tenn. Ct. App. April 19, 1999). While here we are dealing with an alleged accord and satisfaction of a judgment rather than a contractual debt, the reasoning in *Ward* still applies. Since proof of the intent of the parties is required on the issue of accord and satisfaction, we cannot determine the merits of Husband's argument that an accord and satisfaction occurred, and neither could the Trial Court, without a hearing to obtain evidence relevant to accord and satisfaction. Although the Trial Court stated that "the conduct of the parties in its entirety" showed an accord and satisfaction, it appears that the purported accord and satisfaction occurred on March 19, 1999, after which no evidentiary hearing was held. The only hearing after March 19, 1999, was for arguments of counsel. At that hearing, counsel for Husband "announced" that an accord and satisfaction had occurred, but put on no proof. Without proof, the Trial Court could not find an accord and satisfaction, and neither can this Court.

In summary, we hold that the Trial Court erred in denying statutory post-judgment interest for equitable reasons in contravention of Tenn. Code Ann. § § 47-14-121 and 122 which mandate such interest. We find that Husband has failed to prove an accord and satisfaction of Wife's statutory right to post-judgment interest. We further find that the Trial Court has not had the benefit of an evidentiary hearing on the issue of accord and satisfaction, and that such a hearing is required for the resolution of that issue. Accordingly, we remand the case to the Trial Court to hold an evidentiary hearing to determine whether or not an accord and satisfaction between these parties occurred. If the Trial Court determines after the evidentiary hearing that a valid accord and satisfaction exists between Husband and Wife, Wife will be entitled to no post-judgment interest. However, if the Trial Court determines that no valid accord and satisfaction exists, the Trial Court shall determine the amount of post-judgment interest due Wife. The MDA provided for Husband to pay Wife the $70,000.00 at or before executing the MDA. The Final Judgment of Divorce adopted and incorporated the MDA. Therefore, if no valid accord and satisfaction exists, Wife is due post-judgment interest on the $70,000.00 from the date of the judgment up to the date of Husband's payment of the $81,000.00. The MDA, as incorporated by the Final Judgment of Divorce, required the $11,000.00 to be paid in eleven installments of $1,000.00 each. Therefore, if no valid accord and satisfaction exists, Wife's post-judgment interest on the $11,000.00 must be calculated from the dates when Wife was to receive each of the $1,000.00 payments up to the date of Husband's payment of the $81,000.00.

While we are confident that the Trial Judge would rule impartially, we have concerns about the appearance of impropriety or lack of impartiality, given the Trial Judge's comments. Specifically, we are concerned about the Trial Judge's comments that, while the law may require post-judgment interest be awarded Wife, he refuses to do so ". . . due to the unique circumstances of Defendant's condition . . . ." Wife's rights under the post-judgment statutes cannot be destroyed by the Trial Judge because of Husband's condition. For these reasons, to avoid the appearance of impropriety or lack of impartiality, the Trial Judge is directed to recuse himself on the remand of this matter.

## Conclusion

The Judgment of the Trial Court is reversed and this case is remanded to the Trial Court for further proceedings in accordance with the Opinion of this Court. To avoid the appearance of impropriety or lack of impartiality, the Trial Judge is directed to recuse himself on the remand of this case. Costs of this appeal are taxed to the Appellee, Jack Stinnett.

_____
D. MICHAEL SWINEY, JUDGE