**In re Helen M. WILSON, Debtor.**

**ORNL Federal Credit Union, Plaintiff,**

**v.**

**Helen M. Wilson, Commercial Credit Plan, Inc., Maurice K. Guinn, Trustee, and Wells Fargo Financial Tennessee, Inc. (A successor in interest to Norwest Financial Tennessee, Inc.), Defendants.**

**Bankruptcy No. 98–32331.**
**Adversary No. 00–3128.**

United States Bankruptcy Court,
E.D. Tennessee.

April 9, 2001.

Thomas H. Dickenson, Amy V. Hollars, Hodges, Doughty & Carson, Knoxville, Tennessee, for plaintiff.

Stanley F. Roden, Testerman, Warren and Roden, Knoxville, Tennessee, for defendant Commercial Credit Plan, Inc.

Maurice K. Guinn, Gentry, Tipton, Kizer & McLemore, P.C., Knoxville, Tennessee, for Maurice K. Guinn, trustee.

RICHARD S. STAIR, Bankruptcy Judge.

## MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding was commenced by the November 8, 2000 filing of a Complaint by ORNL Federal Credit Union (ORNL) against the Debtor, Helen M. Wilson, Commercial Credit Plan, Inc., and the Chapter 7 Trustee, Maurice K. Guinn (Trustee). By an Amended Complaint filed on February 20, 2001, ORNL added Wells Fargo Financial Tennessee, Inc. as a party Defendant. By this action, ORNL asks the court to void its unintentional release of a Deed of Trust encumbering the Debtor's former home (Residence).

Presently before the court is ORNL's Motion for Summary Judgment filed on March 14, 2001. ORNL asserts that it is entitled to a judgment as a matter of law because it holds an equitable lien on the Residence and because reinstatement of the mistakenly released Deed of Trust will not infringe upon the intervening rights of any third party. Conversely, the Trustee argues that he can avoid ORNL's alleged

interest by virtue of the "strong arm" powers granted by 11 U.S.C.A. § 544(a) (West 1993).

ORNL's motion was accompanied by a Brief in Support of Motion for Summary Judgment and by affidavits. The Trustee filed a Reply to Motion for Summary Judgment on March 28, 2001, accompanied by a Trustee's Brief in Opposition to ORNL's Motion for Summary Judgment and by affidavits. On April 6, 2001, ORNL filed a Reply Brief of ORNL Federal Credit Union. The Defendants Commercial Credit Plan, Inc. and Wells Fargo Financial Tennessee, Inc. have not responded to ORNL's Motion for Summary Judgment.[1] They are, therefore, deemed to not oppose the motion. *See* E.D.Tenn. LBR 7007–1 ("A failure to respond [to a summary judgment motion] shall be construed by the court to mean that the respondent does not oppose the relief requested by the motion.").

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West 1993).

### I

On May 22, 1998, the Debtor filed her petition under Chapter 13 of the Bankruptcy Code. On the date she commenced her case, the Debtor resided at 3008 La-Fayette Road in Knoxville, Tennessee. The Residence was, at that time, encumbered by three properly recorded Deeds of Trust. The first priority deed was held by ORNL. The second and third priority deeds were held by Commercial Credit Plan, Inc. and Norwest Financial Tennessee, Inc., predecessor in interest to Wells Fargo Financial Tennessee, Inc., respectively.

On November 5, 1999, ORNL, after transferring the Debtor's loan to another account number, inadvertently released its Deed of Trust on the Residence. Subsequently on September 15, 2000, the Debtor converted her Chapter 13 case to Chapter 7. On February 15, 2001, the court entered an Order authorizing the Trustee to sell the Residence free and clear of all liens with lien claims attaching to the sale proceeds. On March 9, 2001, the Trustee closed the sale and received $52,248.56 which, in addition to $2,500.00 in earnest money, he is holding pending resolution of this adversary proceeding.

### II

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Rule 56(c) is made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

A court may grant summary judgment only if the prevailing party demonstrates as a matter of law that it is entitled to judgment on the merits. *See Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir.1976). Additionally, summary judgment is appropriate only where the documents tendered to the court show that no genuine issue of material fact remains to be decided. *See id.* The present matter is ripe for summary judgment, as the parties do not dispute any facts material to the resolution of this proceeding.

### III

Under Tennessee law, the mistaken release of a recorded deed of trust

---

1. The Debtor, also a party Defendant, does not have a stake in the outcome of this adversary proceeding. Default was entered against her on December 21, 2000.

creates an equitable lien in favor of the creditor. *See In re Tate,* No. 99–31027, slip op. at 10 (Bankr.E.D.Tenn. March 2, 2000), *aff'd,* No. 3:00–cv–279 (E.D.Tenn. Dec. 15, 2000) (citing *First Am. Nat'l Bank v. Miller (In re Miller),* No. 98–20011, Adv. No. 98–2010, slip op. at 14–15 (Bankr.E.D.Tenn. Nov. 24, 1999) (citing *Hamilton Nat'l Bank of Chattanooga v. Duncan,* 23 Tenn.App. 329, 132 S.W.2d 353, 354 (1939), and *Jetton v. Nichols,* 8 Tenn.App. 567, 1928 WL 2152 at *5 (Tenn. Ct.App.1928))). An equitable lien is "the right to have the property subjected in a court of equity to the payment of the claim. It is a floating equity until action by the court is invoked." *Osborne v. McCormack,* 180 Tenn. 526, 176 S.W.2d 824, 824–25 (1944).

▮ Under Tennessee law, courts may reform written instruments, including deeds, only in cases of mutual mistake or mistake of one party influenced by fraud of the other. *See Miller,* No. 98–20011, at *11 (quoting *Kozy v. Werle,* 902 S.W.2d 404, 411 (Tenn.Ct.App.1995)). In the present case, there is no hint or allegation of fraud by the Debtor or any other Defendant. Additionally, the Trustee states that no mutual mistake occurred. The court disagrees.

▮ Mutual mistake is "a mistake common to all the parties to the written contract or the instrument or in other words it is a mistake of all the parties laboring under the same misconception." *Collier v. Walls,* 51 Tenn.App. 467, 369 S.W.2d 747, 760 (1962). It is undisputed that ORNL did not intend to release its Deed of Trust. Subsequent conduct by the Debtor demonstrated that she, too, "labored under the same misconception" that ORNL still held a valid lien on the Residence. For example, in her State-

ment of Intention filed pursuant to 11 U.S.C.A. § 521(2) (West 1993) on September 19, 2000, the Debtor expressed her intention to surrender the Residence to secured creditors ORNL and Commercial Credit Plan, Inc. Certainly the Debtor would not have planned the surrender to ORNL if she did not believe ORNL's Deed of Trust to constitute an encumbrance on her Residence. Additionally, the Debtor's Conversion Schedules adopt the schedules of her Chapter 13 filing, which list ORNL as the holder of the first mortgage on the Residence. *Cf. Tate,* No. 99–31027, at *12 (finding mutual mistake where neither party intended that the deed of trust be released); *Miller,* No. 98–20011, at *13–14 (same).

Based on the existence of mutual mistake, the court is permitted to exercise its equitable powers to void the release of ORNL's Deed of Trust, provided that the rights of a third party have not intervened. *See Tate,* No. 99–31027, at *11; *Needham v. Caldwell,* 25 Tenn.App. 189, 154 S.W.2d 535, 538 (1941); *Hamilton Nat'l Bank,* 132 S.W.2d at 354. The Trustee asserts that the intervention of his § 544(a) rights should operate to prevent reinstatement of ORNL's lien.

▮ Section 348(a) of the Bankruptcy Code provides that the conversion of a case from Chapter 13 to Chapter 7 "does not effect a change in the date of the filing of the petition [or] the commencement of the case. . . ." 11 U.S.C.A. § 348(a) (West 1993). Section 544(a) fixes a trustee's rights "as of the commencement of the case," which in the present matter would be the date of the Debtor's Chapter 13 filing, May 22, 1998. *See* 11 U.S.C.A. § 348(a). A trustee's § 544(a) rights concern pre-petition transfers only. *See* 11 U.S.C.A. § 544(a) (West 1993).[2]

---

2. Section 544(a) provides:

(a) The trustee shall have, as of the com-

The "intervention of third party rights" requires a corresponding injury to or reliance by the third party. *See Needham,* 154 S.W.2d at 538 ("[W]here the release ... of the mortgage is the result of ... mistake, it will not inure to the benefit of a person acquiring an interest in the property, who did not rely or advance anything on the face of such discharge. As the discharge, under such circumstances, did not enter into, or induce the transaction, the annulment thereof and the restoration of the mortgage to its priority of lien does not operate as a prejudicial [sic] or place the person who acquired the interest in a worse position than he was before.") (internal citation omitted); *Barton v. Barton,* 18 Tenn.App. 409, 78 S.W.2d 356, 358 (1934) (finding, in dicta, intervention of third party rights where third party not before the court relied upon the release); *see also Miller,* No. 98–20011, at *15 n. 5 (considering, in the context of a junior lien holder, whether the third party was injured by, misled by, or acted to its prejudice in reliance on the release).

The present record indicates no third party injury or reliance resulting from ORNL's mistaken release. The release, unless voided, results in an unmerited windfall to the Debtor's estate. *See Needham,* 154 S.W.2d at 538 ("To permit the bank to repudiate this recognition and as-

sert a superior lien, because afterwards it was discovered that the first lienholder had through inadvertence released his lien upon all the lots would permit the bank to unjustly enrich itself at the expense of the first lienholder.").

For the reasons stated above, ORNL's Motion for Summary Judgment will be granted. The mistaken release of its Deed of Trust is void and of no effect, and ORNL is entitled to be returned to its status as first priority lienholder on the Residence. The Trustee will be instructed to distribute the proceeds realized from his sale of the Residence, to the extent of available funds, first to ORNL, second to Commercial Credit Plan, Inc., and third to Wells Fargo Financial Tennessee, Inc. in satisfaction of their respective allowed secured claims. An appropriate order will be entered.

mencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

    (2) a creditor that extends credit to the debtor at the time of the commencement

of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

    (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C.A. § 544(a).