Inland Equipment Co. *v.* Tennessee Foundry & Machine Co. *et al.*

(*Nashville*, December Term, 1950.)

Opinion filed July 27, 1951.

C. Vernon Hines, of Nashville, for complainant.

Waller, Davis & Lansden, of Nashville, for defendants.

Mr. Justice Burnett delivered the opinion of the Court.

The Inland Equipment Company, a Tennessee corporation, filed the original bill herein against the Tennessee Foundry and Machine Company, also a Tennessee corporation, and the Rheem Manufacturing Company, a foreign corporation. A jury was demanded by the complainant,

issues were made up and submitted to the jury as to the controversy between the complainant and the Rheem Manufacturing Company. The jury found these issues in favor of the complainant and a judgment was rendered against the Rheem Manufacturing Company. This judgment was based on a breach of contract by the Rheem Company.

The Tennessee Foundry and Machine Company answered the bill and filed a cross-bill against the Inland Company for breach of contract by that Company with the Tennessee Foundry and Machine Company. No jury was demanded on this cross-bill and the matters in reference to the suit by the cross complainant, Tennessee Foundry Company, were heard by the Chancellor in the absence of the jury and he rendered judgment in favor of the cross defendant and dismissed this cross-bill. From this action, in dismissing the cross-bill of the Tennessee Foundry and Machine Company, it prayed an appeal to the Court of Appeals and that Court affirmed the decree of the Chancellor. It is from this decree of the Court of Appeals that the petitioner has heretofore petitioned us for certiorari. We, after due consideration, granted the petition and set it down for argument. Oral argument has been heard and the case is now before us for disposition.

The basis of this cross action by the Tennessee Foundry and Machine Company against the Inland Equipment Company is wrongful breach of contract wherein the Tennessee Foundry Company alleged that by reason of the breach of this contract, number 1233, it had suffered damages in the amount of the profits of $1,788, that it would have made out of this contract.

The Inland Equipment Company filed an answer to this cross-bill in which it denied owing the Tennessee Foundry and Machine Company any sum whatsoever "because along about the same time Order No. 1233 was given, the Inland Equipment Company gave the Tennessee Foundry and Machine Company an order for some castings which were to go to Fairbanks-Morse Company. The Tennessee Foundry and Machine Company failed to live up to the schedule of this contract and Fairbanks-Morse Company cancelled its contract with Inland Equipment Company and Inland Equipment Company cancelled its contract with the cross complainant.

At the same time the question of cancelling contract No. 1233 had been brought up, Mr. Davis of the Tennessee Foundry and Machine Company agreed with Mr. Pearl that if Inland Equipment Company would pay a $300 termination charge, covering certain costs to Tennessee Foundry and Machine Company, that the Tennessee Foundry and Machine Company would make no charges for the termination of Order No. 1233. While Inland Equipment Company was not obligated to pay $300 on the Fairbanks-Morse Company contract, it did pay this sum to the Tennessee Foundry and Machine Company in consideration of the termination of the Fairbanks-Morse contract, but also Order No. 1233."

This answer, above quoted, presents an affirmative defense to an action on a contract by the cross defendant and under such an affirmative defense the burden of proving the affirmative of that issue is on the cross defendant. *Connecticut Mutual Life Ins. Co.* v. *Dunscomb,* 108 Tenn. 724, 69 S. W. 345, 58 L. R. A. 694; *Carter* v. *Turner,* 37 Tenn. 178. The defense to all intents and purposes is the defense of accord and satisfaction. All

such a defense or a plea means is that the parties have come to another agreement in substitution of the one upon which the plaintiff sues, and that the substituted agreement has been executed.

"The party who pleads, claims, asserts, or relies on, an accord and satisfaction has the burden of proving it. Thus, where defendant pleads or relies on accord and satisfaction as a defense, he has the burden of establishing it by proof of every element thereof; and the rule applies even though a reply denies that the terms of the accord were as stated in the answer and that it was executed. Applying the general rule above stated, defendant, where he relies on an accord and satisfaction as a defense, has the burden of proving the material allegations of his plea, an accord or new agreement, inclusion of the item or items of indebtedness in the action or suit, satisfaction by performance of the agreement or by the agreement itself, that the payment was offered on the condition that, if accepted, it would be in full settlement of the demand, and that the creditor understood the conditions of the tender, or the circumstances under which it was made were such that he was bound to understand, an acceptance by plaintiff in full satisfaction of his demand." 1 C. J. S., Accord and Satisfaction, Section 48, page 558. Also see 1 Am. Jur., pages 260-61, Section 78 to the same effect.

The only proof offered on this feature of the case was that of the President of the respective Companies. Mr. Davis, President of the Tennessee Foundry Company testified that the Inland Company had cancelled their contract No. 1233 by letter to that Company dated June 9, 1947, and that as a result of this cancellation his company had lost profits of 20% or a total amount of $1,788 by reason of the cancellation.

Mr. Pearl, President of the Inland Company admitted that the contract with Tennessee Foundry Company had been cancelled by a letter written by him on June 9, 1947, but said that prior thereto the Tennessee Foundry Company had sent to him a bill for $300 for breach of contract of the Fairbanks-Morse Company but that he had returned this bill or invoice and refused to pay it by reason of certain things that he said were in lieu of the cancellation, that is, that the Tennessee Foundry Company had not complied with their contract. In turn Mr. Davis returned the invoice to the Inland Corporation by a letter of May 28, 1947, and insisted on its payment and explained in that letter that they were not responsible in any way for the cancellation of the Fairbanks-Morse contract. It is agreed between these two witnesses that the Inland Company did pay to the Tennessee Foundry Company this $300 invoice about June 4, 1947, or June 5, 1947. It is contended though by Mr. Pearl of the Inland Company that this payment was made after a verbal conversation with Mr. Davis wherein they agreed that the payment would likewise be in lieu of any damages due by breach of the contract here sued for No. 1233. Mr. Davis of the Tennessee Company denies that any discussion of the breach of the contract of No. 1233 was involved in the payment of the $300 by the Inland Company and says that this was done solely for their breach of the Fairbanks-Morse contract.

As heretofore said these were the only two witnesses and this was the only evidence on the question. Both the Chancellor and the Court of Appeals held that the proof on this question was "in equipoise". The only thing that could possibly be meant by this holding, of the two courts, is that the proof as to whether or not the

$300 payment was made merely on the Fairbanks-Morse contract or on the contract herein sued on or on both was "in equipoise", because there is absolutely no dispute in the record to dispute that the Inland Company did cancel its contract on order No. 1233 which is the contract on which suit is based. In other words it is admitted by the cross defendant that this contract was breached but the cross defendant says that it has settled any damages by this breach by the payment of $300 for the breach of the contract herein sued for and the Fairbanks-Morse contract. Therefore when we accept the conclusion of the Chancellor and the Court of Appeals that this evidence is "in equipoise" the affirmative defense of accord and satisfaction or payment fails because the person or the corporation offering this defense has failed to carry the burden of proof. This being true then clearly the cross complainant would be entitled to a judgment against the cross defendant for its damages by reason of the breach of this contract.

Apparently the Chancellor likewise thought so because after he had held that the proof above was "in equipoise" he then proceeded to ask the President of the Tennessee Company what "out of the pocket" expenses the Tennessee Company had been put to by reason of this breach of contract. When Mr. Davis of the Tennessee Company was unable to state that his company had been put to "any out of the pocket" expenses but that he felt for reasons expressed that he was entitled to the profit that they would make on the contract then it was that the Chancellor dismissed this cross action. Probably another thing in the record influenced the Chancellor somewhat in his conclusion. The proof clearly shows, and there is no other inference to be drawn therefrom, that the Ten-

nessee Company would not have filed this cross action against the Inland Company if they, the Tennessee Company had not been sued by the Inland Company. It might be well to here note that when the case was called for trial that counsel for the Inland Company said: "As disclosed by developments in the case, show that our allegations were wrong as to what took place and we are not insisting on any judgment against the Tennessee Foundry and Machine Company. We were wrong in our allegations." Mr. Davis of the Tennessee Company says that as a matter of policy and good business that they do not ordinarily sue or take any action for such damages due by breach of contract because it is not good business to do so; that profits made out of future business with the Company would take care of any damages that might arise by breach of contract of the kind and it was for this reason that no suit had been brought or no invoice sent for any amount due them for damages by reason of the breach of contract No. 1233. It is rather obvious from the record that the invoice sent the Inland Company by the Tennessee Company for $300 for the Fairbanks-Morse Company breach of contract was probably "out of the pocket" expenses that the Tennessee Company had been put to.

Merely because the Tennessee Company had not sued or made any claim for the breach of the contract No. 1233 in itself does not estop them, since they have done nothing affirmatively to injure the Inland Company by not having brought suit, to at a later date institute action for breach of this contract.

The Chancellor was apparently of the opinion that since the Tennessee Company was not put to any "out of the pocket" losses by reason of this breach that then the

Tennessee Company was not entitled to any damages by reason of the breach of contract. In reference to such a question the Court of Appeals, in *Black* v. *Love & Amos Coal Co.*, 30 Tenn. App. 377, 384, 206 S. W. (2d) 432, 435, says: "The question whether expected profits are recoverable as damages for breach of contract has been a controversial one in the law. The earlier tendency was generally to regard such profits as remote or as speculative or as not a part of the contract. . . . *Hagan* v. *Nashville Trust Co.*, [124 Tenn. 93, 98-100, 136 S. W. 993], supra; *Chisholm & Moore Mfg. Co.* v. *United States Canopy Co.*, [111 Tenn. 202, 77 S. W. 1062], supra; 5 Williston on Contracts, Rev. Ed., Secs. 1345-1346 A; Rest., Contracts, Sec. 331; Notes, 17 Minn. L. Rev. 194, 46 Harv. L. Rev. 696."

A well reasoned case on the subject is that of *Gardner* v. *Deeds & Hirsig*, 116 Tenn. 128, 92 S. W. 518, 521, 4 L. R. A., N. S., 740, where this Court among other things said: ". . . But, under all the authorities, he was clearly entitled to compensation for the breach, and, under the rule announced, his compensation is to be measured by the profits he would have made if he had been permitted to complete his contract."

This case as tried below was more or less a side issue to the case of Inland Company against Rheem which comprises about 90% of the record. For this reason and for the further reason that we are not satisfied exactly on the proof and the features of the case here before us, and due to the questions of law above set forth we must reverse and remand the case for further proof. On remand proof may be supplemented on the defense as well as to the amount of damages. Consideration

should be given to the cost of manufacturing the items ordered under order No. 1233 as compared to the contract price which the cross complainant gets for these articles under its contract.

All concur.