IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2005 Session

# LDI DESIGN, LLC, v. GLENN G. DUKES, ET AL.

### Appeal from the Chancery Court for Williamson County
#### No. 27028     Donald P. Harris, Judge

_____

### No. M2003-02905-COA-R3-CV - Filed December 28, 2005

_____

This appeal arises from a multi-faceted business dispute.  LDI Design, LLC, an engineering firm, was engaged by Dukes & Co., a real estate developer, to design plans for Spencer Hall, a planned subdivision in Franklin, Tennessee.  LDI provided its engineering services, however, Dukes failed to fulfill its financial obligation to LDI.  The parties negotiated a new agreement in April 1999 compromising a claim for damages by Dukes in consideration of a reduced fee for LDI's services.  After Dukes failed to honor the new agreement, LDI filed this action. Dukes filed an answer denying liability and filed a counter complaint for damages due to deficiencies in the plans prepared by LDI.  Spencer Hall, LLC, owner of the Spencer Hall subdivision, while not a party to the contract, joined in the counter complaint claiming to be a co-developer of the project and the third-party beneficiary of the contract between LDI and Dukes.  The trial court dismissed the counterclaim finding the renegotiated agreement between LDI and Dukes constituted an accord and satisfaction that barred Duke's claims, and the evidence insufficient to prove any claim for damages against LDI.  Although we find the new agreement did not bar Dukes' claim, we affirm the trial court's finding that the evidence failed to prove any claim for damages against LDI.  We, therefore, affirm the dismissal of all claims against LDI.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Reversed in Part and Affirmed in Part

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

K. Harlan Dodson, III and Michael B. Bressman, Nashville, Tennessee, for the appellants, Glenn G. Dukes, Dukes & Co., and Spencer Hall, LLC.

Helen F. Bean and Mark A. Baugh, Nashville, Tennessee, for the appellee, LDI Design, LLC.

### OPINION

Dukes & Co. entered into a contract with LDI Design, LLC, in July of 1997, whereby LDI, an engineering firm, agreed to perform land planning services, landscape architecture, and civil

engineering for six of twelve sections of a thirty-two acre, seventy-five lot residential development known as Spencer Hall. Dukes was identified in the contract as the "Client." Spencer Hall, LLC, owner of the property known as Spencer Hall that is the subject of this litigation, was not a party to the contract. Nevertheless, Spencer Hall, LLC, claims it was a co-developer of the project and a third-party beneficiary of the contract between LDI and Dukes.

The project was divided into twelve sections. LDI was engaged to work on Sections Seven through Twelve. During the construction of Section Nine, Dukes complained that it had encountered problems due to LDI's design. Following a series of discussions, the problems were rectified and, in April of 1999 Dukes and LDI entered into an agreement whereby Dukes settled its claims against LDI in consideration for which LDI agreed to accept a reduced fee for its services on the project. Dukes was to pay the balance owing on the reduced fee in installments, however, it failed to honor the agreement. As a consequence, on October 22, 1999, LDI submitted a letter demanding payment, to which Dukes responded with one payment of $1,000.

Following the October correspondence and the $1,000 payment by Dukes, the contractor engaged by Dukes, MRM construction company, commenced construction on Sections Eleven and Twelve of Spencer Hall. Following the commencement of construction, Dukes contended it encountered two major flaws in LDI's engineering plans for Section Twelve. These alleged flaws included sewer pipes that Dukes alleged improperly intersected with a storm drainage pipe, and problems with a drainage ditch that contributed to flooding of the neighboring Clairmont subdivision.[1] Having severed ties with LDI, Dukes hired another engineer, DBS and Associates (hereinafter DBS), to prepare revised plans for Section Twelve. Following a series of delays and cessation of construction, the reasons for which are hotly disputed, the City of Franklin approved the plans prepared by DBS, and construction of the Spencer Hall project was completed.

In the interim, LDI filed this action to recover the outstanding balance owed for its services. Dukes answered the complaint, denying liability, and filed a counterclaim, along with Spencer Hall, LLC, contending LDI was responsible for damages resulting from a faulty design.[2] LDI answered the counterclaim denying liability generally and asserting the affirmative defense of accord and satisfaction based on the April 1999 agreement.

The trial court found an accord and satisfaction between LDI and Dukes barred Dukes' claims. The trial court further found Spencer Hall, LLC, failed to prove any claim for damages. Dukes and Spencer Hall, LLC, appeal contending the April 1999 accord was limited to Section Nine and did not constitute a bar to claims attributable to Section Twelve, thus they are entitled to recover damages resulting from LDI's errors and omissions.

---

[1] We stress that attribution of the defects to LDI is simply Dukes & Co.'s allegation. Both parties seem to agree that these problems were present, but the parties dispute who is responsible for the problems.

[2] The Answer and Counterclaim were filed by Dukes & Co. and Spencer Hall, LLC., but the contract in question was only between Dukes & Co. and LDI.

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## ACCORD AND SATISFACTION

The trial court dismissed Dukes' claim finding an accord and satisfaction was reached when the parties settled a previous claim by Dukes that it had incurred damages due to design errors by LDI. Specifically, the trial court found the parties entered into an agreement in April of 1999 whereby LDI agreed to accept and Dukes agreed to pay the reduced fee of $11,186.53 in satisfaction of the services LDI had provided and the damages Dukes had sustained relative to Section Nine (also known as Inverness) of Spencer Hall.

Dukes does not dispute the fact the parties entered into an accord concerning damages it sustained during the construction of Section Nine and the fee to which LDI was entitled. Dukes, however, does dispute the contention the April 1999 accord bars additional claims that may arise thereafter. It insists the April 1999 accord was limited to the damages it sustained in the construction of Section Nine and the fees it owed LDI for its services, nothing more. LDI, however, insists the April 1999 accord constituted a release from all future claims of any kind regarding Dukes and the Spencer Hall project.

Although we agree with the trial court's conclusion that the parties reached an accord in April of 1999; we have concluded the 1999 accord was not a global accord and that it was limited to the damages addressed relative to Section Nine and the fee owing to LDI.

Accord and satisfaction is an affirmative defense. Tenn. R. Civ. P. 8.03. An accord is an agreement whereby one of the parties "undertakes to give or perform, and the other to accept in satisfaction of a claim, . . . something other than or different from what he is or considers himself entitled to; . . ." *Pinney v. Tarpley*, 686 S.W.2d 574, 577 (Tenn. Ct. App. 1984) (citing *Lytle v. Clopton*, 261 S.W. 664, 666 (Tenn. 1924)). The thrust of the defense is that "the parties have come to another agreement in substitution of the one upon which the plaintiff sues, and that the substituted

agreement has been executed." *Inland Equipment Co. v. Tennessee Foundry & Mach. Co.*, 241 S.W.2d 564, 565 (Tenn. 1951).

> To constitute a valid accord and satisfaction it is essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmistakable manner. It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction.

*Lytle v. Clopton*, 261 S.W. 664, 667 (Tenn. 1924) (quoting 1 C.J.S. *Accord and Satisfaction* §§ 1 and 16 (1914)). Although accord and satisfaction is governed by the law of contracts, *R.J. Betterton Mgm't. Servs., Inc. v. Whittemore*, 733 S.W.2d 880, 882 (Tenn. Ct. App. 1987); *Cole v. Henderson*, 454 S.W.2d 374, 384 (Tenn. Ct. App. 1969), whether there has been an accord and satisfaction is a question of fact. *Lindsey v. Lindsey*, 930 S.W.2d 553, 557 (Tenn. Ct. App. 1996); *Helms v. Weaver*, 770 S.W.2d 552, 554 (Tenn. Ct. App. 1989).

The party asserting the defense of accord and satisfaction has the burden of showing by a preponderance of the evidence that the parties intended to effect a satisfaction. *Rhea v. Marko Constr. Co.*, 652 S.W.2d at 332, 334 (Tenn. 1983); *Inland Equipment Co.*, 241 S.W.2d at 565; *Pinney*, 686 S.W.2d at 578.

LDI, as the party asserting the defense of accord and satisfaction, has the burden of proving each element of the defense. This includes the terms of the accord (the new agreement), satisfaction by performance or that the payment was offered on the condition that, if accepted, it would be in full settlement of the demand, and that the creditor understood the conditions of the tender or the circumstances under which it was made were such that he was bound to understand. *Quality Care Nursing Services, Inc. v. C.B. Coleman*, 728 S.W.2d 1, 5 (Tenn. 1987) (citing *Inland Equipment Co.*, 241 S.W.2d at 565-66).

The new agreement that resolved the dispute concerning the fees owed to LDI and the damages sustained by Dukes & Co. is memorialized in a letter from LDI to Glenn Dukes of Dukes & Co. dated April 13, 1999.[3] The letter does not address, directly or indirectly, future claims by Dukes or any waiver of the right to assert other or additional claims. The substantive part of the April 1999 letter from LDI provides:

---

[3]The letter is signed by two principals of LDI, Dwight E. Kiser and David W. Dederer.

April 13, 1999

Mr. Glenn Dukes
Dukes & Company
5115 Maryland Way, Suite 305
Brentwood, TN 37027

Re:     Inverness Cost Overruns
        LDI Job # 117004

Dear Glenn:

* * * *

We are in agreement with the cost numbers that your office has produced and are willing to offer you credits on your remaining invoices in the amount of $11,250.00. This represents a credit of $1,105.50 (~11%) above the $10,112.77 indicated on your overrun worksheet to account for downtime. The total amount outstanding would be $11,186.53. If the above amounts are acceptable to you please let us know at your convenience and we will have our accounting department issue the appropriate credits upon receipt of the outstanding balance.

Glenn, we look forward to continuing our relationship with you and hope that this will bring this issue to a close. If you have any questions or require additional information please feel free to call at your convenience.

Sincerely,
LDI Design LLC
(letter signed by Dwight E. Kiser and David W. Dederer, as principals for LDI)


LDI's defense is based primarily on the April 1999 letter and the testimony of Dwight Kiser and David Dederer. Although the letter and testimony constitutes proof of an accord as to the matters in dispute in April of 1999, such fails to constitute evidence of a global accord and satisfaction or a bar to subsequent claims by Dukes. The testimony of Kiser and Dederer did little more than provide a better understanding of the disputed costs incurred by Dukes during the construction of Section Nine and was refuted, in part, by Travis Dukes of Dukes & Co.

LDI is encumbered with the burden to prove the accord bars the claims at issue. *See Pinney*, 686 S.W.2d at 577. The evidence introduced by LDI established an accord concerning its fee and damages sustained in Section Nine; it did not however, establish the fact the parties reached an agreement, a global accord that would preclude subsequent or additional claims Dukes may assert.

Finding the counter-claim by Dukes & Co. is not barred by accord and satisfaction, we will evaluate the merits of the counter-claim based upon the evidence in the record.

## CLAIMS OF DUKES & CO. AND SPENCER HALL, LLC

Dukes and Spencer Hall, LLC, filed a joint Brief of Appellants.[4] For their second issue, they contend the trial court erred in finding they failed to prove any claim for damages.[5] We find no error with the finding of the trial court.

Appellants contend the design by LDI for Section Twelve contained significant engineering errors. The errors, Appellants contend, resulted in intersecting sewer and storm drainage pipes, violation of requirements of the City of Franklin pertaining to minimum criteria for "cover" and "separation" of underground pipes, and plans that did not adequately handle storm water runoff. Appellants further assert LDI's design errors caused them to incur additional construction costs, damages resulting from delays in the completion of the development, and increased loan costs due to delays.

It is undisputed the project was plagued by construction problems that resulted in additional construction costs. It is also undisputed that Appellants, one or both of them, incurred damages due to delays in construction that increased loan costs. Furthermore, it is undisputed that the delays prevented Appellants from selling lots on schedule, which resulted in cash flow problems and other damages. What is disputed, hotly disputed, is whether the delays and damages were the direct and proximate result of acts and omissions by LDI.

The evidence is a maze of convoluted, inconsistent, contradictory and disputed facts regarding the cause of the construction problems, including without limitation intersecting pipes, storm water runoff, delays resulting from disputes with contractors and the City of Franklin. There is also evidence that some of the delays likely were the result of Dukes' financial problems. Additionally, there is credible evidence LDI was excused by Dukes of any future involvement in the project following the April 1999 accord and LDI's absence and non-involvement may have contributed to some of the problems at issue. Furthermore, LDI has a contractual defense to claims for damages that may have resulted from changes by others as the contract between LDI and Dukes expressly provided "LDI shall not be responsible for changes made in the Documents by anyone other than LDI . . . without the participation of LDI . . . ."

LDI presented credible, material evidence from which the trial court could reasonably conclude the legal cause of Appellant's damages does not lie at the feet of LDI. Although Appellants

---

[4] But for the claim that Spencer Hall, LLC, is the third party beneficiary of the contract between LDI and Dukes, the claims presented by the two entities for damages sustained as a result of LDI are indistinguishable. Accordingly, we shall discuss the claims as one as did the appellants in their brief.

[5] The issue was framed with reference to Spencer Hall, LLC, as the trial court had dismissed the claim of Dukes & Co. as barred by accord and satisfaction.

introduced countervailing evidence to contest that of LDI, there is material evidence in the record indicating LDI is not liable for the damages at issue. There is credible evidence that significant costs incurred by Dukes, and construction problems that delayed the project, were the result of the acts or omissions of others for which LDI is not responsible. For example, Dukes sued the contractor, MRM, contending it was responsible for inferior work on section twelve, and Dukes sued Sessions Paving contending its work was substandard. Moreover, the City of Franklin pulled Dukes' bond because Dukes was unable to proceed with construction in a timely fashion.[6]

The issue pertains to design and planning services. To successfully prevail on their claim for damages, Appellants must show: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; and (3) causation in fact and for a proximate cause of damages or injury. *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991); *see also United American Bank of Memphis v. Gardner*, 706 S.W.2d 639, 642 (Tenn. Ct. App. 1985)(holding there are three elements necessary to the existence of a cause of action for negligence: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) a causal relation between the injury to the plaintiff and defendant's breach of his duty of care).

Appellants have failed to satisfy the foregoing criteria. Moreover, credible evidence in the record suggests that many of the problems were due to changes made by Dukes and its contractors after the dismissal of LDI, that acts and omissions by the contractor engaged by Dukes contributed to the problems complained of, and that Dukes hired another engineering firm which provided services, including revisions to LDI's original design, that may have contributed to delays complained of by Dukes. There is also credible testimony that the sewer lines were laid before the storm pipe was laid, which is contrary to construction custom and practice, and may also have contributed to the problems complained of by Dukes.[7]

We give great weight to the trial court's determinations of credibility of witnesses. *Estate of Walton*, 950 S.W.2d at 959; *B & G Constr., Inc.*, 37 S.W.3d at 465. The trial court considered the conflicting evidence and found the evidence insufficient to prove any claim for damages against LDI. For us to reverse this finding, the evidence to sustain a claim for damages against LDI must have a greater convincing effect. *Walker*, 40 S.W.3d at 71; *The Realty Shop, Inc.*, 7 S.W.3d at 596. The evidence in this record fails to satisfy this evidentiary threshold. Accordingly, we affirm the trial court's finding that the evidence fails to prove any claim for damages against LDI by Dukes & Co. and Spencer Hall, LLC.

---

[6]In a letter from Dukes to the Chair of the Franklin Planning Commission in April 2002, Dukes admitted it was experiencing financial difficulties due to a number of reasons including problems with its contractor, MRM, and financial disputes and suits with other contractors.

[7]Sean DeCoster, an expert witness, testified that the storm pipe should always be laid prior to the laying the sewer lateral.

## IN CONCLUSION

We therefore affirm the judgment against Dukes & Co. of $10,186, plus pre-judgment interest, and remand this matter for entry of a judgment dismissing the claims of Dukes & Co. and Spencer Hall, LLC, against LDI Design, LLC.

Costs of appeal are assessed against Dukes & Co. and Spencer Hall, LLC, and their surety.

_____
FRANK G. CLEMENT, JR., JUDGE